**John RISALVATO, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 46706.**

Missouri Court of Appeals, Western District.

June 29, 1993.

---

Rebecca L. Kurz, Asst. Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before BERREY, P.J., and BRECKENRIDGE and HANNA, JJ.

BERREY, Presiding Judge.

Appellant appeals the denial of his Rule 24.035 motion for post-conviction relief following an evidentiary hearing. In the underlying action, appellant pleaded guilty to burglary in the second degree and stealing. He was apprehended at the scene of the burglary. The court sentenced him as a prior, persistent and class X offender to concurrent terms of 10 years imprisonment.

Appellant filed a *pro se* motion for post-conviction relief alleging that he was denied his right to effective assistance of counsel because his trial counsel failed to request an independent medical evaluation to determine his culpability, competency to proceed, or his ability to understand the legal proceedings against him. At his evidentiary hearing, movant testified that he and his trial counsel developed a theory of defense based on his history of substance abuse and drug addiction, which they believed would mitigate the facts and circumstances of the offense. Movant testified that his trial counsel agreed that a jury might sympathize with the fact that he had successfully controlled his drug addiction until he sustained six gunshot wounds requiring him to take prescription drugs.

While hospitalized for the gun shot wounds, movant was treated with Schedule II narcotics, including Dilaudid, Percodan and Demerol, to control his pain. This caused him to relapse into his previous pattern of drug abuse, which led to the burglary of and stealing from the drug store. Because of prior convictions, movant did not want to testify at trial; therefore, the only way to present movant's theory to a jury was through medical records. Movant testified that three days before trial, his counsel told him that she had not obtained any of the necessary medical records. Without the records, movant believed he was compelled to plead guilty. Subsequently, an amended motion was filed incorporating the allegations contained in appellant's *pro se* motion and raising additional issues. The court denied appellant's motion for post-conviction relief and this appeal followed.

On appeal, appellant alleges three points of error: (1) the trial court plainly erred in accepting appellant's guilty plea and improperly sentencing him as a class X offender since he pleaded guilty to a Class C felony, to which the statute prescribing minimum prison terms for repeat offenders does not apply; (2) the motion court erred in denying his motion for post-conviction relief because his counsel was ineffective in failing to investigate, locate and obtain appellant's medical records, which were crucial to appellant's theory of defense; and (3) the motion court erred by not entering specific findings of fact and conclusions of law as to each allegation raised by appellant in his *pro se* motion for post-conviction relief as required by Rule 24.035(i), without which meaningful review to determine whether the motion court's judgment is clearly erroneous is not possible.

■ As his first point, appellant asks this court to review his sentence claiming that he was improperly sentenced as a class X offender. He admits that he did not raise this point in either his *pro se* or the amended Rule 24.035 motion. He asks this court to review the matter for plain error. Rule 24.035 provides the procedural remedy for correction of a judgment following conviction after a guilty plea. Rule 24.035(d) requires that all grounds for vacating, setting aside or correcting the sentence be contained in the motion. A mov-

ant waives all claims or grounds not listed in the motion.

Appellant claims that the trial court plainly erred in sentencing him as a class X offender because he pleaded guilty to a class C felony and § 558.019, RSMo 1986 does not apply to class C felonies. Section 558.019.2, RSMo Cum.Supp.1992, defines minimum prison terms for certain repeat offenders and provides, in pertinent part:

The provisions of this section shall be applicable only to class A and B felonies committed under the following Missouri laws: chapters 195, 491, 564, 565, 566, 567, 568, 569, 570, 571, 573, 575, RSMo, and dangerous felonies as defined in subdivision (8) of section 556.061, RSMo.

Subdivision (8) of § 556.061 provides as follows:

"**Dangerous felony**" means the felonies of armed criminal action, arson, assault, *burglary*, causing catastrophe, felonious restraint, forcible rape, forcible sodomy, kidnapping, voluntary manslaughter, murder, robbery or the attempt to commit any of these felonies; (emphasis added)

Both statutes were in effect as cited on October 22, 1990, the day appellant's guilty plea hearing was held.

■ Appellant's reading of § 558.019 fails to consider section 2 thereof which refers not only to those who plead guilty or are convicted of class A and B felonies, but also to those who are convicted of or plead guilty to dangerous felonies as defined in § 556.061(8). Because appellant failed to preserve this point for appeal and the trial court properly sentenced appellant as a class X offender, we deny appellant's first point.

As his second point of error, appellant alleges that the motion court erred in denying his Rule 24.035 motion because his trial counsel was ineffective in her failure to investigate, locate and obtain appellant's medical records, which were crucial to appellant's theory of defense. Appellant claims that this failure was the direct cause of his decision to plead guilty rather than submit the case to a jury. Appellant claims that the information contained in the

records about his success in controlling his drug addiction prior to being hospitalized for gunshot wounds, would have generated sympathy with the jury and "might mitigate the facts and circumstances surrounding the two offenses."

■ Appellate review of the denial of a Rule 24.035 motion is limited to a determination of whether the findings of fact and conclusions of law of the motion court are clearly erroneous. Rule 24.035(j). We find the motion court's determination clearly erroneous only if a review of the entire record leaves a definite and firm impression that a mistake has been made. *State v. Anderson*, 785 S.W.2d 596, 600 (Mo.App. 1990).

■ To establish that his counsel provided ineffective assistance, appellant must satisfy the two-prong test provided by *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Appellant must show that his counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under similar circumstances and that appellant was thereby prejudiced. *Id.*

There is a strong presumption that counsel's conduct was proper. *Leisure v. State*, 828 S.W.2d 872, 874 (Mo. banc), *cert. denied*, — U.S. ——, 113 S.Ct. 343, 121 L.Ed.2d 259 (1992). Appellant has a heavy burden of proving counsel's ineffectiveness by a preponderance of the evidence. *Amrine v. State*, 785 S.W.2d 531, 534 (Mo. banc), *cert. denied*, 498 U.S. 881, 111 S.Ct. 227, 112 L.Ed.2d 181 (1990).

■ Because appellant's conviction resulted from a guilty plea, his claim of ineffective assistance of counsel is immaterial except to the extent that it impinges upon the voluntariness and knowledge with which the guilty plea was made. *Hagan v. State*, 836 S.W.2d 459, 463 (Mo. banc 1992). He may attack only the voluntary and intelligent character of the plea by showing that the advice counsel provided him was not within the reasonable prevailing professional norms, standards, diligence and skills that a reasonably competent attorney

would provide under similar circumstances. *Short v. State*, 771 S.W.2d 859, 864 (Mo. App.1989). Appellant must establish a serious dereliction of duty that materially affected his substantial rights and further show that his guilty plea was not an intelligent or knowing act. *Id.*

■ We note first that, during his sentencing hearing, appellant indicated several times that he was more than satisfied with his counsel's performance. After making several inquiries about whether counsel had explained all aspects of appellant's guilty plea to him, his counsel asked if there was anything he wanted her to do that she had failed to do, to which appellant responded, "No, not at all. On the contrary, you've performed in an exemplary fashion." Then again she asked if there was anything he wanted her to do for him that she refused to do, to which he responded in the negative. Later, in response to the court's request that appellant recite what he thought about his attorney, appellant stated:

> She's performed in a more than adequate fashion. She has complied with every request I've had concerning providing me with documents and making me aware of any conversations that existed between herself on my behalf with Mr. Krantz for the state. She has in no way led me to believe that anything will turn out a certain way here today. She's made me aware of the risks involved in pleading guilty, in effect in the blind without a written plea agreement with the State. She's made me understand the range of punishment and I'm in the overall sense, I'm satisfied with her performance as attorney of record in this case.

> Q. Okay. You understand if later on you file a motion alleging that you didn't have a good lawyer, that the judge who hears that motion or decides that motion has a right to believe what you say here today as opposed to what you may say differently later? Do you understand that?

> A. Yes, sir, I do.

> Q. Do you understand the importance of telling me if you have any complaints or criticisms of [your counsel]?

> A. Yes, I do.

> Q. Do you understand that under that rule I have to make a finding as to whether or not I believe you had adequate and effective assistance of counsel? Do you understand that?

> A. Yes, sir.

Finally, the court gave appellant one more opportunity to provide any additional information about the legal assistance he received. In the course of appellant's response, he stated, "Taking the case to trial I think would be a waste of the State's time and my own and would probably result in a—hopefully it would be a lot worse for me than it will turn out to be today...."

It is apparent from appellant's testimony that his guilty plea was made intelligently and knowingly. The motion court's findings and conclusions on this issue were not clearly erroneous.

■ Additionally, we point out that appellant was in no way prejudiced by foregoing a jury trial. Appellant does not allege a jury might have found him not guilty of the charged offenses. He argues only that, out of sympathy, the jury may have recommended a shorter sentence. The respective roles of the court and jury in sentencing is governed by § 557.036, RSMo Cum.Supp.1992. Pertinent portions of that statute provide as follows:

> 2. The court shall instruct the jury as to the range of punishment authorized by statute and upon a finding of guilt to assess and declare the punishment as a part of their verdict, *unless*

> . . . . .

> (2) The state pleads and proves the defendant is a prior offender, persistent offender, dangerous offender, or persistent misdemeanor offender as defined in section 558.016, RSMo.

> . . . . .

> 4. If the defendant is found to be a prior offender, persistent offender, ...

(1) If he has been found guilty of an offense, the *court* shall proceed as provided in section 558.016, RSMo....

5. The court shall not seek an advisory verdict from the jury in cases of prior offenders, persistent offenders, or dangerous offenders ... (emphasis added).

Because the state pleaded and proved appellant was a prior and persistent offender, the jury would not have been in a position to even advise the court on sentencing and, as with appellant's guilty plea, the court would have imposed sentence. We find that appellant has not met the second prong of the *Strickland* test and, therefore, his second point is denied.

As his third point, appellant alleges that the motion court clearly erred in failing to enter specific findings of fact and conclusions of law as to each of the allegations raised by appellant in his *pro se* motion, as required by Rule 24.035(i). He argues that the court's failure deprived him of meaningful review by this court of the lower court's judgment.

■ Appellant's amended motion, drafted by appointed counsel, "fully incorporates by reference herein, as if completely set forth, all allegations of fact and arguments of law set forth in his *pro se* motion." Allegations in the *pro se* motion which appellant alleges were not addressed by the motion court are:

that trial counsel rendered ineffective assistance of counsel by: 1) failing to provide Mr. Risalvato with adequate notice of the trial date, 2) failing to obtain medical release forms necessary to the trial strategy, 3) coercing Mr. Risalvato to plead guilty by telling him that he would certainly receive the maximum sentence and be sentenced as a class X offender if he proceeded to a jury trial, 4) failing to adequately explain that imposition of class X offender status was mandatory rather than discretionary if adequately proven by the state, and 5) advising Mr. Risalvato to waive the preparation of a presentence investigation report which would have contained favorable information.

As stated in the motion court's findings of fact, "All of Movant's cognizable claims for relief under Rule 24.035 are based upon various propositions that he was denied effective assistance of counsel." As stated above and in the motion court's conclusions of law, "After a plea of guilty, the effectiveness of counsel is only relevant to the extent it affects the voluntariness of the plea." As all claims were but a variation of the claim that appellant was denied effective assistance of counsel, the motion court thoroughly addressed the issue presented.

Appellant relies on *Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978), as requiring all points raised in his motions be addressed by the motion court. This court's Eastern District has held, however, that:

[t]here is no requirement, and *Fields, supra*, did not require that all findings of fact and conclusions of law must follow a precise formula. If the findings and conclusions cover the issues raised so as to permit meaningful appellate review, that is sufficient.... It has been held that "generalized findings" are sufficient if they enable the reviewing court to review the movant's contentions.

*Short v. State*, 771 S.W.2d 859, 865 (Mo. App.1989). In a Western District opinion by Judge Hanna, this court held that "findings and conclusions are sufficient so long as they allow an appellate court to review the motion court's decision." *Smith v. State*, 837 S.W.2d 25, 26 (Mo.App.1992). The motion court need not itemize its findings and conclusions, but rather need only respond to the issues raised. *Id.*

The motion court concisely summarized the issues and found that appellant "was fully aware of the proceedings, and knowingly and voluntarily entered the plea of guilty." The motion court further found that appellant's claims were refuted by the record. The record before us and the motion court's findings of fact and conclusions of law are sufficient to allow meaningful review. An examination of the record, clearly supports the motion court's findings. Appellant's third point is denied.

The judgment of the trial court is affirmed. The judgment of the motion court is affirmed.

All concur.