Bill KEATING, Appellant,

v.

STATE of Missouri, Respondent.

No. 18829.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 17, 1994.

Gary E. Brotherton, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joanne E. Beal, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Judge.

Pursuant to a plea agreement, Bill Keating ("Movant") pled guilty to conspiracy, § 564.-016, RSMo 1986, and was sentenced to 15 years' imprisonment. He thereafter commenced this action per Rule 24.035, Missouri Rules of Criminal Procedure (1991), to vacate the conviction. The motion court held an evidentiary hearing, issued comprehensive findings of fact and conclusions of law, and denied relief.

Movant appeals. His lone point relied on avers the motion court erred in that Movant received ineffective assistance of counsel when the lawyer who represented him when he pled guilty ("defense counsel") "... failed to request a change of venue despite [Movant's] concern with the inability to receive a fair trial in Stoddard County."

Testifying by deposition in the motion court, Movant avowed he told defense counsel, prior to the guilty plea, that he wanted a change of venue. Asked how defense counsel responded, Movant testified:

> [Defense counsel] said it was impossible to get a change of venue, that the Judge wouldn't agree to it, and that I didn't even need one because I was well known in Stoddard County and that would help my case. I still wanted one and didn't get it.

Movant added that he believes he would not have pled guilty had he received a change of venue.

Defense counsel, called as a witness by the State in the motion court, testified:

> Mister Keating eventually told me ... he wanted to have a plea bargain since there were other charges pending against him, and also he did tell me he did those.

> . . . .

Q. ... what did Mr. Keating ask about [a change of venue]?

A. ... I don't specifically remember exactly what Bill Keating said about a change of venue, but ... he did not indicate that he needed one or wanted one. Essentially, what Mister Keating wanted, after my first couple meetings with him, was to get a plea bargain and ... not to have any other charges pressed on him as part of ... the plea bargain.

Q. All right. Did you explain to Mister Keating he had an absolute right to a change of venue?

A. Yes, I did.

Q. Did you ever tell Mister Keating that it was impossible to get a change of venue; that the judge wouldn't agree to it; and that you didn't think that one was necessary because Bill Keating was well known in Stoddard County?

A. No, sir.

The plea agreement accepted by Movant was that he would plead guilty to conspiracy and the prosecutor would recommend 15 years' imprisonment. Additionally, the prosecutor would dismiss two pending counts of unlawful use of a weapon against Movant and not file any other charges against him.[1]

During the guilty plea proceeding, this exchange occurred between the trial court and Movant:

Q ... you've been represented in this case by [defense counsel and an associate]. Are you satisfied with their services?

A Yes, sir, I am.

Q Do you have any complaints of any kind up to this point?

A No, sir.

After the trial court pronounced sentence, this colloquy occurred:

The Court: ... Mr. Keating, it's my duty to again inquire of you if you continue to be satisfied with the services rendered to you in this case by your attorney. Do you continue to be satisfied with [defense counsel's] services, Mr. Keating?

---

1. Defense counsel testified in the motion court that there were at least 20 stealing charges the prosecutor could have filed.

The Defendant: Yes, sir.

The Court: Did you ever ask [defense counsel] to do anything for you that [counsel] either failed or refused to do?

The Defendant: Not that I can think of, sir.

The Court: Do you know of anything more [defense counsel] could have done for you that [counsel] did not do?

The Defendant: No, Your Honor, I don't.

Among the motion court's findings are these:

The Court finds that [defense counsel] met with movant sufficiently to properly defend him, that [defense counsel] advised him of the various rights to which he was entitled, including ... the right to request a change of venue.... Movant was faced with the prospect of a jury trial, to be confronted with eyewitness identification, the incriminating testimony of two witnesses, and videotapes and audiotapes of his culpability in the crimes of conspiracy and unlawful use of a weapon. He made his choice to plead guilty freely and voluntarily and intelligently. The pleas [sic] were not as a result of any deficiency in the performance of his attorney.... The Court finds that [defense counsel] exercised the customary skill and diligence that a reasonably competent attorney would have exercised under the circumstances, and that there was no prejudice to movant from any acts or omissions by [counsel]. Movant has failed to carry his burden of proving that he received ineffective assistance of counsel.

■ Our review of the motion court's denial of relief is limited to a determination of whether its findings and conclusions are clearly erroneous. Rule 24.035(j); *Wilson v. State*, 813 S.W.2d 833, 835[5] (Mo. banc 1991). In making that determination, we are mindful that the motion court was not required to believe Movant's testimony. *Moore v. State*, 853 S.W.2d 378, 380[5] (Mo. App.S.D.1993).

■ The motion court obviously believed defense counsel and disbelieved Movant on the change of venue issue. That is easily understood, given Movant's lack of complaint about defense counsel when Movant pled guilty and when he was sentenced. Movant had ample opportunity then to tell the trial court he wanted a change of venue but defense counsel ignored the request. Movant voiced no complaint. Instead, he told the trial court that defense counsel never failed or refused to do anything he asked.

Movant had the burden of proving his grounds for relief by a preponderance of the evidence. Rule 24.035(h); *Myers v. State*, 815 S.W.2d 472, 473[1] (Mo.App.S.D.1991). Based on the testimony the motion court believed, the motion court did not err in holding that Movant failed to carry his burden of proving ineffective assistance of counsel.

The order of the motion court denying relief is affirmed.

FLANIGAN, P.J., and GARRISON, J., concur.