**Vincent MINNER, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 19545.**

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 17, 1994.

Emmett D. Queener, Office of the State Public Defender, Columbia, for movant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michelle A. Freund, Asst. Atty. Gen., Jefferson City, for respondent.

GARRISON, Presiding Judge.

Movant pled guilty to the class B felony of selling a controlled substance in violation of § 195.211, RSMo Cum.Supp.1989, and received a sentence of seven years' imprisonment. He filed a timely motion pursuant to Rule 24.035 [1] in which he alleged that his attorney at the time of the plea was ineffective. Later, appointed counsel filed an amended motion. Both motions were denied by the motion court without a hearing. Movant appeals that ruling.

In his single point on appeal, Movant argues that his trial counsel was ineffective because he failed to fully investigate the case, informed him that he would be convicted at trial for racially motivated reasons, and also told Movant that he would receive probation upon a plea of guilty. As a result, Movant concludes that his guilty plea was not freely, knowingly and voluntarily entered.

Appellate review of the motion court's ruling on a Rule 24.035 motion is limited to a determination of whether the findings of fact and conclusions of law were clearly erroneous. Rule 24.035(j); *Trehan v. State,* 872 S.W.2d 156, 158 (Mo.App.S.D.1994). The court's findings, conclusions and order are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Id.*

In order to be entitled to an evidentiary hearing pursuant to Rule 24.035, a movant must (1) allege facts, not conclusions, which, if true, would warrant relief; (2) the facts must raise matters not refuted by the files and record in the case; and (3) the

matters complained of must have resulted in prejudice. *Trehan v. State,* 872 S.W.2d at 158. An evidentiary hearing is not required "if the motion and the files and record of the case conclusively show that the movant is entitled to no relief...." Rule 24.035(g). After a plea of guilty, the effectiveness of counsel is immaterial except to the extent that it impinges on the voluntariness and knowledge with which the plea of guilty was made. *Hagan v. State,* 836 S.W.2d 459, 463 (Mo. banc 1992); *Cain v. State,* 859 S.W.2d 715, 717 (Mo.App.E.D.1993).

In the instant case, Movant alleges that his trial counsel failed to fully investigate the case. It is arguable that this claim of ineffectiveness of counsel is not alleged in either of his motions with the result that this claim cannot be reviewed on appeal. *Soto v. State,* 858 S.W.2d 869, 872 (Mo.App.S.D. 1993). Even if the motions could be broadly construed so as to include this contention, they do not allege or demonstrate what was deficient about the investigation, what information the attorney failed to discover, that a reasonable investigation would have disclosed that information, and that the information would have improved Movant's position. Failure to make specific allegations regarding those matters results in the Rule 24.035 motion being subject to denial without an evidentiary hearing because it fails to allege facts which entitle movant to relief. *Grayse v. State,* 817 S.W.2d 640, 642 (Mo.App.S.D. 1991).

This allegation is also refuted by the record. Movant signed a "Petition To Enter Plea of Guilty" and, at the time he entered his plea, he testified that he had reviewed the petition and understood everything that was contained in it. The petition stated: "I believe that my lawyer has done all that anyone could do to counsel and assist me, and I am satisfied with the advice and help he has given me." Additionally, immediately following his sentencing, Movant informed the trial court that his attorney had done everything he asked him to do prior to entering his plea. Under such circumstances, the motion court

---

1. Rule references are to Missouri Rules of Court (1994).

did not clearly err with regard to this contention.

Movant also alleges that his plea of guilty was compelled by the threats by his trial counsel that if he went to trial he would be convicted for racially motivated reasons rather than on the basis of the evidence. He admits, however, that this allegation is contrary to statements made to the trial court at the time of his plea. At that time, Movant clearly told the court that no one had threatened him "directly or indirectly" to induce his plea of guilty. This allegation is, therefore, also directly refuted by the record.

■ Finally, Movant alleges that his guilty plea was not freely, knowingly and voluntarily entered because trial counsel informed him that it would result in probation. It has been held that an expectation of a lighter sentence than that actually received does not make a plea involuntary. *See Cain v. State*, 859 S.W.2d at 717; *Gillespie v. State*, 785 S.W.2d 725, 727 (Mo.App.E.D.1990). As indicated in *Beattie v. State*, 603 S.W.2d 42, 45 (Mo.App. W.D.1980), since a movant's belief as to an anticipated sentence is necessarily subjective, the test to be applied is whether there is a reasonable basis in the guilty plea record for him to have had such a belief.

■ In the instant case, Movant's contentions are again clearly refuted by the record. In the "Petition To Enter Plea of Guilty," signed on the same day he entered his plea, Movant acknowledged that his lawyer informed him that the range of punishment was five years to fifteen years. He also stated in that petition that: "This is an open plea—meaning the judge can give me any sentence or probation as he sees fit." That statement immediately preceded the following statement:

> If anyone else made any promises or suggestions, except as noted in the previous sentences, I know that he had no authority to do it. I know that the sentence I will receive is solely a matter within the control of the Judge. I hope to receive leniency, but I am prepared to accept any punishment permitted by law which the Court sees fit to impose.

Finally, Movant acknowledged in the petition that "[n]o one has told or promised me I would receive probation or parole and I understand that I do not have a right to receive probation or parole and whether or not I receive probation or parole is solely in the Court's discretion," and "I offer my plea of guilty freely and voluntarily and of my own accord and with full understanding of all the matters set forth ... in this Petition."

At the guilty plea hearing itself, Movant again acknowledged the applicable range of punishment; acknowledged that he understood the facts and everything that was written in the "Petition To Enter Plea of Guilty"; stated affirmatively that no one had threatened him, directly or indirectly, or made any promises to get him to plead guilty; and stated that he understood that the prosecutor was making no recommendation but was leaving it up to the court, and "this is basically an open plea."

Cases involving guilty plea records similar to the instant case have rejected the claim that a guilty plea was involuntarily entered because of an expectancy of a lighter sentence. *See Cain v. State*, 859 S.W.2d at 717; *Oldham v. State*, 740 S.W.2d 213, 214 (Mo. App.E.D.1987); *Douglas v. State*, 607 S.W.2d 839, 840 (Mo.App.W.D.1980).

After the trial court imposed sentence, it conducted a hearing pursuant to Rule 29.07(b)(4) to determine if probable cause existed to believe that Movant had received ineffective assistance of counsel. It was then, for the first time, that Movant indicated he was not satisfied with the services of his attorney. Even then, he acknowledged that no threats or promises had been made to induce his plea of guilty, but said that he was "under the influence that if I pleaded guilty to this that I would be placed on probation," and that "if I plead guilty, I would probably get probation." Movant acknowledges that the record of the guilty plea refutes his current allegations. We also note that this allegation is refuted by the record made during the Rule 29.07(b)(4) hearing. Movant, himself, stated to the court that he was told that if he pled guilty he would "probably" get probation. The probability of a lenient sentence does not indicate that it will necessarily

be received and is not sufficient to render a plea involuntary. *See Grayse v. State*, 817 S.W.2d at 642.

The judgment is affirmed.

PREWITT and CROW, JJ., concur.