**Patrick BAUER, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 20664.

Missouri Court of Appeals,
Southern District,
Division Two.

June 19, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 10, 1996.

Application to Transfer Denied
Aug. 20, 1996.

Rosalynn Koch, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David R. Truman, Asst. Atty. Gen., Jefferson City, for respondent.

PARRISH, Judge.

Patrick Bauer (movant) pleaded guilty to the class C felony of assault in the second degree. § 565.060.1(3).[1] He was sentenced to seven years' imprisonment. § 558.011.1(3). After transfer to the Department of Corrections, movant filed a motion for post-conviction relief as permitted by Rule 24.035. The trial court denied the motion without an evidentiary hearing.

Movant contends in his first point on appeal that he was entitled to an evidentiary hearing. His motion alleged that he received ineffective assistance of counsel in the underlying criminal case. Movant asserts his claim that "trial counsel erroneously advised him that he would receive 120–day callback in exchange for his plea of guilty" was not refuted in the record of the guilty plea or sentencing hearing; that, therefore, his plea of guilty was not made voluntarily and intelligently.

The standard for determining whether movant is entitled to an evidentiary hearing requires movant plead facts, not conclusions, which if true would entitle him to relief. . . . *Reeder v. State,* 712 S.W.2d 431, 432[1] (Mo.App.1986). Movant is entitled to an evidentiary hearing on the issue of the voluntariness of his plea where the record of the guilty plea proceeding does not conclusively show his plea was made voluntarily or intelligently. *Id.* at 433 [6, 7]. Once a guilty plea results, adequacy of representation bears only on whether the plea was made voluntarily or knowingly. *Wade v. State,* 698 S.W.2d 621, 622[2] (Mo. App.1985).

*Sederes v. State,* 776 S.W.2d 479, 480 (Mo. App.1989).

1. References to statutes are to RSMo Supp.1993.

Movant's reference to a "120–day callback" is directed to provisions of § 559.115.2. The applicable part of the statute states:

A circuit court only upon its own motion and not that of the state or the defendant shall have the power to grant probation to a defendant anytime up to one hundred twenty days after he has been delivered to the custody of the department of corrections but not thereafter.

Movant filed a written Petition to Enter Plea of Guilty. It is a six-page pleading. Movant and his attorney signed each page. The petition acknowledged movant's understanding of various rights relative to his criminal charge and his right to a trial, as well as his understanding of the nature of his plea of guilty. Paragraph 10 of the pleading states, "I understand the plea bargain agreement to be:" followed by blank lines to be completed by the criminal defendant.[2] The blank lines on movant's pleading were completed as follows: "Open plea of guilty. My attorney will request the Court to retain jurisdiction of this case pursuant to § 559.115."

Paragraph 10 continues after the blank lines:

I understand that if this is an open plea (no negotiated plea) that a pre-sentence investigation will be prepared by the Department of Probation and Parole. I understand that the Court is not bound by any recommendation by the probation officer. Further, that the Court may grant or deny probation in its discretion and may impose any sentence that falls within the range of punishment. If anyone else made any promises or suggestions, except as noted in this paragraph I know that he/she had no authority to do it. I know that the sentence I will receive is solely a matter within the control of the judge. I hope to receive leniency, but I am prepared to accept any punishment permitted by law which the Court sees fit to impose.

Nowhere else in movant's written petition to enter a guilty plea is there any reference

to § 559.115, nor is there any explanation of it.

During the course of movant's guilty plea hearing, the text of § 559.115 was not addressed. At the beginning of the guilty plea hearing, movant's attorney acknowledged that movant was aware the prosecuting attorney would recommend that the court impose a seven-year sentence upon accepting movant's plea of guilty. Movant's attorney further advised the court "that [the prosecuting attorney] was aware of the fact that I would request the Court to retain jurisdiction of this case under Section 559.115."

At the end of the guilty plea hearing, after granting allocution and imposing sentence and after examining movant as prescribed by Rule 29.07(b)(4), the trial court advised movant's attorney that it had taken under advisement his request to have movant "sentenced under the 120–day callback."

■ Movant's amended Rule 24.035 motion alleges:

Counsel did not advise movant that the Court was not required to honor his request for one-hundred twenty (120) day call back pursuant to Section 559.115 RSMo, especially in the context of an open plea. Counsel *did* erroneously advise movant he would receive one-hundred twenty (120) day call back in exchange for his plea of guilty in case no. CR494–129FX. Movant relied on counsel's erroneous advice in entering his plea.

Movant was prejudiced in that he has not received 120 day call back as he was advised. Had movant not been so advised, there is a reasonable probability that movant would not have pleaded (pled) guilty and insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).

■ In *State v. Driver*, 912 S.W.2d 52 (Mo. banc 1995), the court held that specific inquiries are required in sentencing hearings in order to conclusively refute specific claims of ineffective assistance of counsel that may later be asserted in post-conviction motions. Although *Driver* is a Rule 29.15 case, the principles announced therein are apropos to

---

2. At the end of the blank lines following paragraph 10 are the words, in parenthesis, "here insert any promises or concessions made to the

defendant or his/her attorney. If none, insert 'no promises or concessions have been made to me or my attorney.' "

Rule 24.035 cases. Responses to broad general questions asked in guilty plea or sentencing hearings concerning whether counsel did the things a defendant wanted him or her to do, or failed to do anything the defendant requested, do not, standing alone, refute all allegations of deficiencies that may be raised in subsequent post-conviction motions insofar as the allegations affect voluntariness of a guilty plea.

Nothing in the record on appeal demonstrates that movant was made aware that by the terms of § 559.115, he had no right to request consideration for probation within 120 days after his commitment to the Department of Corrections; that the trial court could not be compelled to grant probation during that time by reason of negotiations directed toward reaching a disposition in a criminal case.

The state suggests that the motion court's findings that there was no negotiated plea agreement, and that movant was advised at his guilty plea hearing that the trial court was not bound by any recommendation for probation, refute movant's claim that he was told he would receive a "120–day callback." The fallacy of this argument is that nothing appears in the record of the guilty plea hearing that refers to the relief permitted by § 559.115 as "probation." What "120–day callback" meant was never explained to movant.

Under these circumstances, movant's allegation that his plea of guilty was founded on misrepresentations of counsel that he would receive "120–day callback" requires an evidentiary hearing to ascertain if the allegation is meritorious and, if it is, whether movant's plea of guilty was entered voluntarily and intelligently. Point I is granted. The case must be reversed and remanded for an evidentiary hearing.

In Point II movant contends the trial court erred in denying his Rule 24.035 motion because the trial court, in movant's sentencing hearing, "accepted his plea without personally addressing him in open court to determine whether he voluntarily waived his constitutional rights and entered a voluntary plea which was not the result of promises apart from the stated plea agreement." Movant contends the procedure followed in his guilty plea hearing resulted "in an involuntary guilty plea." Movant relies on *Dean v. State,* 901 S.W.2d 323 (Mo.App.1995), in support of that claim.

Movant does not relate in Point II, or in the argument directed to that point, how he was prejudiced by what he perceives was a deficiency in the guilty plea hearing. As explained in *Dean,* unless a defendant in a criminal case is prejudiced by a flaw in the sentencing hearing procedure so as to render the guilty plea involuntary, the defendant is not entitled to relief. *Id.* at 328.

Point II asserts the trial court's failure to address movant in open court resulted in his plea of guilty being based on "promises apart from the stated plea agreement." It is clear from the record on appeal, as the motion court found, that movant's plea of guilty was not based on a negotiated plea agreement. Point II identifies nothing that could be deemed prejudicial to movant. It is denied.

On remand the only issue which requires presentation of evidence is the issue identified in Point I. The order denying movant's Rule 24.035 motion is reversed. The case is remanded for evidentiary hearing.

PREWITT, P.J., and CROW, J., concur.