STATE of Missouri, Respondent,

v.

Larry WEATHERSBY, Appellant.

Larry WEATHERSBY, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 50032.

Missouri Court of Appeals,
Western District.

Submitted Sept. 27, 1996.

Decided Dec. 3, 1996.

Susan L. Hogan, Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joanne E. Joiner, Asst. Atty. Gen., Jefferson City, for respondent.

Before SPINDEN, P.J., and SMART and SMITH, JJ.

PER CURIAM.

Larry Weathersby appeals from his conviction on three counts of rape, § 566.030, RSMo Supp.1990, and one count of sexual assault in the first degree, § 566.040, RSMo 1986. He was sentenced to consecutive terms of five years imprisonment on each of the rape counts and a consecutive term of seven years imprisonment for sexual assault in the first degree. Weathersby also appeals from the motion court's denial of his Rule 29.15 motion for post-conviction relief. Weathersby contends that the trial court erred in overruling his objections and motion for mistrial based upon improper closing argument in which the State argued matters outside the evidence. Weathersby also contends that the motion court erred in its denial of his Rule 29.15 motion for post-conviction relief because trial counsel was ineffective by: (1) failing to call Yolanda Willoughby to testify; (2) failing to present evidence that Nellie had tested positive for three sexually transmitted diseases; and (3) overriding Weathersby's stated desire to testify upon his own behalf at trial. The judgment of the trial court is affirmed. The judgment of the motion court is affirmed.

In December, 1991, the thirteen-year-old victim who will be referred to herein as "Nellie" lived with her mother, her sister and her mother's boyfriend. The boyfriend had a daughter, who we will call Dana, who was close to Nellie. The girls considered themselves to be stepsisters. Dana lived with her mother and her mother's boyfriend, Larry Weathersby. Sometime between December 11, 1991 and December 31, 1991, Dana, pressured by Weathersby, arranged for Nellie to meet with Weathersby, who was in his late forties, and have sexual intercourse with him. Dana came to get Nellie at her house. Nellie got into the back seat of a car with Weathersby, with Dana in the front seat acting as a lookout. Nellie and Weathersby engaged in sexual intercourse.

Nellie and Weathersby had sexual intercourse again in January, 1992, at Weathersby's house when Nellie was spending the night with Dana. It happened again that January in a car in front of his sister's house in Peculiar. The next month, in February, 1992, Nellie once again spent the night with Dana and once again engaged in sexual intercourse with Weathersby. In November, 1992, Nellie told the police what had happened to her. The police questioned Dana about Nellie's allegations. Dana admitted the allegations reported by Nellie. Dana also reported at that time that she, too, had been forced by Weathersby to have sexual intercourse. Dana told the police that Weathersby had begun having sexual relations with her when she was twelve. The last instance of sexual intercourse that Dana reported occurred the day before she made

her statement to the police. She was fifteen years old at that time.

Weathersby did not testify at his trial. He was found guilty on all four counts. On March 15, 1995, Weathersby filed a *pro se* Rule 29.15 motion for post-conviction relief. An amended motion was filed on May 26, 1995. Following an evidentiary hearing, the trial court denied Weathersby's motion. Weathersby appeals from his conviction and from the denial of his Rule 29.15 motion for post-conviction relief.

## DIRECT APPEAL

In Point I, Weathersby contends that the trial court erred by overruling his objections and motion for mistrial during the State's closing argument. Weathersby alleges that the State argued matters outside the evidence. During the first half of the State's closing argument, the following occurred:

MS. MAHONEY: [Nellie] was not in trouble, and [Nellie] said, "I wasn't in trouble, I was ashamed, I was guilty, I was embarrassed". And that's how these men count on these children feeling.

MS. HENRY: Judge, I object to that. May we approach?

[The following proceedings took place before the bench.]

MS. HENRY: Judge, the State has just made an improper argument, which is causing me at this point to ask for a mistrial. They are arguing about other individuals, bringing in evidence, and it's arguing facts not evidence, what these men do. There's no evidence about what these men do. She's arguing about other people, which is also improper and violating my client's right to a fair trial under the Sixth and Fourteenth Amendment, and also under the Missouri Constitution, and I am forced to ask for a mistrial.

THE COURT: Motion denied. The objection is overruled.

MS. HENRY: The objection is overruled, so a curative instruction might be appropriate.

THE COURT: Your objection is overruled.

A little later in her argument the prosecutor spoke on the subject of Dana's credibility. She stated:

Why does [Dana] act normal around the defendant? Why doesn't she shy away? Because this is what her normal life is like, her normal life since she has been 12 years old is to have sex with her stepfather. And she has survived the best way that she knows how.

Her mother didn't protect her. Even after she told what happened, her mother didn't protect her. She sent [Dana] over to her stepfather's house so her mother could spend the night with her boyfriend. No adult in her life has ever protected her, and she has coped the best way she can, and she gives in to him so she can stay with her mother, and she gives in to him so he'll leave her alone, and she gives into him so he won't beat her up. Abused women go back to their husbands—

MS. HENRY: Judge, I object. That is arguing facts not in evidence.

MS. MAHONEY: This is common sense, Judge.

THE COURT: The objection will be overruled.

In regard to the prosecutor's reference to "these men," Weathersby claims that the prosecutor clearly attempted to inject improper matters for the jury's consideration and sought to vilify him as a member of a certain class, *i.e.,* men who prey upon girls under the age of consent. Weathersby characterizes the prosecutor's actions as blatantly improper and prejudicial and castigates the trial court for its refusal to declare a mistrial. We disagree with Weathersby's characterization of this portion of the argument.

The trial court is in a better position to gauge the effect of the argument and enjoys broad discretion in its decision to overrule an appellant's request for mistrial. *State v. Redman,* 916 S.W.2d 787, 793 (Mo. banc 1996). In *State v. Feltrop,* 803 S.W.2d 1, 9 (Mo. banc), *cert. denied,* 501 U.S. 1262, 111 S.Ct. 2918, 115 L.Ed.2d 1081 (1991), the declaration of a mistrial was referred to as "a drastic remedy to be in extraordinary circumstances." A trial court's ruling will be

reversed only for an abuse of discretion where the argument is plainly unwarranted. *State v. Weaver,* 912 S.W.2d 499, 512 (Mo. banc 1995). The prosecutor has the right to argue the evidence and the reasonable inferences drawn from the evidence. *Clemmons v. State,* 785 S.W.2d 524, 530 (Mo. banc), *cert. denied,* 498 U.S. 882, 111 S.Ct. 229, 112 L.Ed.2d 183 (1990). This includes the right, within the limits of closing argument, to present the State's view on the credibility of witnesses. *Id.* It may be permissible for a prosecutor to refer to facts that are not before the jury so long as those facts do not imply any special knowledge of evidence pointing to a defendant's guilt. *State v. Newlon,* 627 S.W.2d 606, 617 (Mo. banc), *cert. denied,* 459 U.S. 884, 103 S.Ct. 185, 74 L.Ed.2d 149 (1982). Furthermore, as a general rule, an argument made by the prosecutor which does not misstate or manipulate the evidence and does not implicate specific rights is constitutionally permissible. *State v. Ramsey,* 864 S.W.2d 320, 330 (Mo. banc 1993), *cert. denied,* 511 U.S. 78, 114 S.Ct. 1664, 128 L.Ed.2d 380 (1994).

The trial court did not abuse its discretion in refusing to declare a mistrial in response to Weathersby's objection to the prosecutor's argument referring to the shame and embarrassment felt by a young victim and the control this gives to the older abuser. This was a reasonable inference from the evidence and implies no special knowledge of any evidence pointing to Weathersby's guilt.

The same holds true as to Weathersby's complaint regarding that portion of the prosecutor's argument explaining Dana's behavior in the context of abused women returning to their husbands. It is also permissible argument on the issue of Dana's credibility. The trial court did not err in overruling Weathersby's objection. Point I is denied.

## POST-CONVICTION APPEAL

In Point II, Weathersby contends that the motion court erred in its denial of his Rule 29.15 motion for post-conviction relief because trial counsel was ineffective in: (1) failing to call Yolanda Willoughby to testify; (2) failing to present evidence that Nellie had tested positive for three sexually transmitted diseases; and (3) overriding Weathersby's stated desire to testify upon his own behalf at trial.

Review is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. *State v. Driver,* 912 S.W.2d 52, 54 (Mo. banc 1995). The motion court's findings and conclusions will be deemed clearly erroneous only when, if after reviewing the entire record, we are left with the definite and firm impression that a mistake was made. *State v. Johnson,* 901 S.W.2d 60, 62 (Mo. banc 1995).

To establish ineffective assistance of counsel, movant must satisfy a two-pronged test, showing: (1) that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under similar circumstances; and (2) that defendant was thereby prejudiced. *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). Prejudice is established where it is shown that but for counsel's errors, the outcome of the proceeding would have been different. *State v. Tokar,* 918 S.W.2d 753, 761 (Mo. banc 1996). The presumption is that counsel performed effectively; a movant assumes a heavy burden in attempting to overcome this strong presumption by a preponderance of the evidence. *Id.* "The benchmark for judging ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *State v. Graham,* 906 S.W.2d 771, 784 (Mo.App.1995).

Weathersby complains that trial counsel was ineffective because she failed to call Yolanda Willoughby as a defense witness to establish that Nellie never spent the night at Weathersby's house during the time the charged offenses took place. The motion court, in its findings and conclusions, stated:

Movant asserts Yolanda Willoughby would have testified that she lived next door to Movant and her home shared a driveway with Movant's home. Movant asserts Ms. Willoughby would have testified she was at

Movant's home every night during the time the charged offenses were alleged to take place, December 1, 1991 through November 17, 1992. Ms. Willoughby would have testified she never saw the victim [Nellie], or her sister at Movant's home.

Yolanda Willoughby was Movant's girlfriend at the time of Movant's trial. Further, Ms. Willoughby had given birth to Movant's infant daughter shortly before trial. In addition, Ms. Willoughby was slightly older than the victim, [Dana]. Ms. Willoughby was endorsed by counsel as a defense witness, however, trial counsel decided not to call Ms. Willoughby as a witness. Ms. Henry testified at Movant's hearing for post conviction relief, that as a matter of trial strategy she chose not to call Ms. Willoughby as a defense witness. Ms. Henry testified Ms. Willoughby was a friend of one of the victims, [Dana], and therefore she believed Ms. Willoughby's testimony would have been detrimental to Movant's case. . . .

Ms. Willoughby's testimony would not have provided a viable defense in that Ms. Willoughby's testimony would be suspect since it is not credible that one person would go to another person's house everyday during the time frame a crime is charged, a period of ten and one half months. Ms. Willoughby was at the courthouse during Movant's trial. Ms. Willoughby appeared to be a young woman and if called as a witness could have undermined Movant's claim that he did not have sexual relations with the young victims, one of which was Ms. Willoughby's friend.

▮ In order to prevail upon a claim of ineffective assistance of counsel for failure to call a witness, Weathersby must show (1) that trial counsel knew or should have known of the existence of the witness; (2) that the witness could be located through reasonable investigation; (3) that the witness would testify; and (4) that the testimony of the witness would have produced a viable defense. *State v. Harris,* 870 S.W.2d 798, 817 (Mo. banc), *cert. denied,* —— U.S. ——, 115 S.Ct. 371, 130 L.Ed.2d 323 (1994). Choice of witnesses is a matter of trial strategy. *Id.* at 816. The decision to call a witness, if that

witness would not unqualifiedly support the defense, is a matter of trial strategy and will not support a finding that counsel was ineffective. *State v. Johnson,* 901 S.W.2d at 63. The motion court's findings and conclusions were not clearly erroneous. Trial counsel's strategy in not calling Willoughby as a witness, given her age and the nature of her story, was reasonable under the circumstances.

Weathersby complains that trial counsel was ineffective in failing to present evidence that Nellie had tested positive for the presence of sexually transmitted diseases. The motion court stated:

> Movant alleges that trial counsel failed to establish that [Nellie] had tested positive orally, vaginally and rectally for the presence of sexually transmitted diseases on November 8th and 9th of 1992. Movant was charged with having sexual contact with [Nellie] between December 1, 1991 and March 1, 1992. Movant was charged with having sexual contact with [Dana] between January 1, 1992 and November 17, 1992. Movant has failed to establish how this evidence would have assisted in his defense. [Nellie] was not diagnosed with a sexually transmitted disease until six (6) months after the charged crimes. Further, the State filed a Motion in Limine pursuant to 491.015 RSMo which was granted by the trial court. Ms. Henry testified she would have liked to adduce the evidence of sexually transmitted diseases at trial if the Court had ruled the evidence admissible. Movant's point is without merit.

Weathersby asserts that counsel was ineffective in failing to present evidence that Nellie was found to have a number of sexually transmitted diseases nine months after she engaged in sexual activity with Weathersby. He reasons that she could have been infected during the time she was having intercourse with him and that neither he nor any of his partners were infected; thus, he says, the evidence was exculpatory. We disagree. First, Weathersby failed to present competent evidence that Nellie was infected. Weathersby and trial counsel testified that they saw medical reports of Nellie's infection

but no report was presented at the motion hearing. But even if the evidence in question were not hearsay, it would still be inadmissible.

■ Under § 491.015, evidence as to specific instances or opinion and reputation evidence concerning a complaining witness' prior sexual contact is inadmissible unless it meets certain criteria established in that statute, or unless the court finds the evidence relevant to a material fact or issue. The evidence in question was not exculpatory. The fact that Nellie tested positive for a sexually transmitted disease some nine months after Weathersby is alleged to have engaged in sexual intercourse with her would not tend to prove that Weathersby is not guilty. In order for Weathersby to make Nellie's disease relevant, he would also have needed to establish that: 1) at the time of the alleged sexual acts, and thereafter, he did not suffer from any such disease; and 2) it is unlikely he could have had sexual contact with her without becoming infected, and 3) it is unlikely she could have become infected subsequent to the dates of her sexual contact with Weathersby. Weathersby failed to prove at his post-conviction hearing that such evidence was available and could have been presented. Counsel cannot be found ineffective for failing to present such evidence when it has not been shown such evidence was available.

Weathersby also complains that counsel was ineffective in that she refused to allow him to testify at trial. The motion court found:

> Movant's trial counsel, Kelly Henry, testified at the hearing for post conviction relief, that she advised Movant of his right to testify or not testify. Ms. Henry testified she probably told Movant that she has never won a case where the defendant testified in his own behalf, and Ms. Henry testified that holds true today. Further, Ms. Henry testified the final decision on whether or not to testify was made by Movant, and Movant chose not to testify in his own behalf.... Movant testified that he wanted to testify at trial, however, trial counsel would not let movant testify. Movant's testimony is refuted by the testimony of Ms. Henry. Further movant has failed to demonstrate that there was reasonable probability that his testimony would have cause the jury to acquit him.

■ Trial counsel's advice to her client about whether or not to take the witness stand is a matter of trial strategy and, absent exceptional circumstances, not grounds for post-conviction relief. *State v. Bolds,* 913 S.W.2d 393, 397 (Mo.App.1996). We also give deference to the motion court's superior opportunity to judge the credibility of witnesses. *State v. Silas,* 885 S.W.2d 716, 722 (Mo.App.1994). The motion court found that Weathersby's claim was refuted by the testimony of trial counsel, impliedly finding Weathersby's testimony to not be credible. We defer to the motion court on this matter.

The judgment of the trial court is affirmed. The judgment of the motion court is affirmed.