**Patrick B. BAUER, Movant–Appellant,**

v.

**STATE of Missouri, Respondent– Respondent.**

No. 21374.

Missouri Court of Appeals, Southern District, Division Two.

July 9, 1997.

Rosalynn Koch, Asst. Public Defender, Columbia, for movant–appellant.

Jeremiah W. (Jay) Nixon, Attorney General, David R. Truman, Asst. Atty. Gen., Jefferson City, for respondent–respondent.

BARNEY, Judge.

Patrick B. Bauer (Movant) pleaded guilty to the class C felony of assault in the second degree pursuant to section 565.060.1(3).[1] The trial court sentenced Movant to the Missouri Department of Corrections for the maximum term of seven years under section 558.011.1(3).

---

1. All statutory references are to RSMo 1994, unless otherwise indicated.

Thereafter, Movant filed a motion for post-conviction relief under Rule 24.035,[2] which alleged ineffective assistance of counsel. The motion court denied Movant's claim for relief without conducting an evidentiary hearing.

Movant appealed to this Court and we reversed and remanded the matter to the motion court so that it could conduct an evidentiary hearing to determine if Movant had, in fact, received ineffective assistance of counsel. *See Bauer v. State*, 926 S.W.2d 188, 191 (Mo.App.1996).

On remand, the motion court conducted an evidentiary hearing and entered its findings of fact, conclusions of law, and judgment. The motion court found that Movant had not received ineffective assistance of counsel, and that Movant's plea of guilty was made voluntarily and knowingly.

Movant raises one issue on this appeal. He charges the motion court with error in denying his post-conviction relief motion because he believes that he proved that his guilty plea was not made voluntarily and intelligently due to the ineffective assistance of counsel he received.

■ Our review of the motion court's denial of relief is limited to a determination of whether its findings and conclusions are clearly erroneous. Rule 24.035(k); *Keating v. State*, 870 S.W.2d 273, 275 (Mo.App.1994). We will find the motion court's determination clearly erroneous only if a review of the entire record leaves a definite and firm impression that a mistake has been made. *Risalvato v. State*, 856 S.W.2d 370, 373 (Mo.App. 1993). In making that determination, we are mindful that the motion court was not required to believe Movant's testimony. *Keating*, 870 S.W.2d at 275.

Movant avers that due to the ineffectiveness of his counsel, his guilty plea was not made voluntarily and intelligently. To maintain such a claim, Movant must prove his counsel's performance was deficient and that prejudice resulted from the deficiency. *State v. Phillips*, 940 S.W.2d 512, 522 (Mo. banc 1997); *Wilkins v. State*, 802 S.W.2d 491, 497

(Mo. banc 1991), *cert. denied* in 502 U.S. 841, 112 S.Ct. 131, 116 L.Ed.2d 98 (1991). Prejudice is shown by proof that but for counsel's unprofessional errors, there was a reasonable probability the result would have been different. *Phillips*, 940 S.W.2d at 522.

However, "[t]here is a strong presumption that counsel's conduct was proper." *Risalvato*, 856 S.W.2d at 373. Movant "has a heavy burden of proving counsel's ineffectiveness by a preponderance of the evidence." *Id.*

■ Because Movant's conviction resulted from a guilty plea, his claim of ineffective assistance of counsel is immaterial except to the extent that it impinges upon the voluntariness and knowledge with which the guilty plea was made. *Id.; see also Bauer*, 926 S.W.2d at 189. Movant "may attack only the voluntary and intelligent character of the plea by showing that the advice counsel provided him was not within the reasonable prevailing professional norms, standards, diligence and skills that a reasonably competent attorney would provide under similar circumstances." *Risalvato*, 856 S.W.2d at 373–74. Movant must establish a serious dereliction of duty that materially affected his substantial rights and further show that his guilty plea was not an intelligent or knowing act. *Id.* at 374.

■ In the instant matter, Movant contends that he entered his plea of guilty under the belief that he would receive probation after serving only 120 days, not the seven year sentence that he ultimately received. However, it has been held that an expectation of a lighter sentence than actually received does not make a plea involuntary. *Minner v. State*, 887 S.W.2d 758, 760 (Mo. App.1994). While Movant's belief as to an anticipated sentence is necessarily subjective, the test applied is whether there is a reasonable basis in the guilty plea record for Movant to have had such a belief. *Id.*

Movant testified during the evidentiary hearing that his understanding of the guilty plea, as explained to him by his counsel, was

---

**2.** All rule references are to the Missouri Rules of Criminal Procedure (1997), unless otherwise in-

dicated.

that he would be incarcerated for 120 days and that he would then be released on probation for a term of five years. Movant believed that he was being sentenced pursuant to the terms of section 559.115.2, which would have allowed the trial court to grant Movant probation after serving 120 days.

Movant's trial counsel testified, on the other hand, that the understanding he had with Movant was that Movant was to make an open plea of guilty. Trial counsel also stated that he was to request a pre-sentence investigation report and ask the trial court to sentence Movant pursuant to section 559.115.2. It was understood that they would await the pre-sentence report regarding its recommendations for probation. Movant's counsel further testified that he advised Movant that the application of section 559.115.2 was discretionary with the trial court and that there was no guarantee that the court would grant probation after the 120 days.

Movant's counsel then testified that the pre-sentence investigation report that was subsequently submitted to the trial court contained an "unfavorable recommendation with regard to probation," and that he advised Movant that in his opinion the court would not call him back after he served 120 days. Movant's counsel testified that he forewarned Movant that the court would likely follow the report's recommendation to not grant probation because the report suggested that he was not a good candidate for probation.

Movant's counsel testified that after several communications between him and Movant about the range of punishment and of the unlikely occurrence that probation would be granted, Movant nevertheless pleaded guilty.

In the motion court's findings and conclusions, it stated that Movant was fully aware before sentencing that probation was not likely because of the pre-sentence investigation report. The court also found that at no time did Movant request to withdraw his guilty plea.

The court further found that Movant was never told by his attorney that he would receive a "120 day callback," only that it would be requested and that it was, in fact, requested by Movant's counsel. The court also found that Movant was fully aware before sentencing that section 559.115.2, allowing for probation after 120 days, was discretionary with the court. We give great deference to the motion court's superior opportunity to judge the credibility of the witnesses. *State v. Weathersby*, 935 S.W.2d 76, 81 (Mo.App.1996).

Based on our review of the record in its entirety, together with the testimony that the motion court believed, we find that the motion court did not err in holding that Movant failed to carry his burden of proving ineffective assistance of counsel. Rule 24.035(i); *Keating*, 870 S.W.2d at 275.

The order of the motion court denying relief is affirmed.

PARRISH, P.J., concurs in separate opinion.

SHRUM, J., concurs.

PARRISH, Presiding Judge, concurring.

I concur. I write separately to emphasize that neither the state nor a defendant in a criminal case has a right to require a circuit court to grant probation or to consider granting probation within 120 days following delivery of a defendant to the custody of the department of corrections. Section 559.115.2, RSMo 1994, plainly states that a circuit court has the power to grant probation within 120 days following delivery of a defendant to the department of corrections "only upon its own motion and not that of the state or the defendant." Whether a circuit court will grant or consider granting probation within that time is not subject to being bargained between the state and a defendant.

This movant's Rule 24.035 motion was reversed and remanded previously in order for the trial court to conduct an evidentiary hearing to determine movant's claim that his trial counsel misrepresented that he would receive probation within 120 days following his delivery to the department of corrections in that such a determination could impact upon the voluntariness of the plea of guilty. *See Bauer v. State*, 926 S.W.2d 188, 191

(Mo.App.1996). Nothing more should be read into the facts in this case.