Joseph A. McCLELLAN,
Movant–Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

No. 21860.

Missouri Court of Appeals,
Southern District,
Division Two.

April 29, 1998.

Irene Karns, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Christi A. Ingalsbe, Asst. Atty. Gen., Jefferson City, for Respondent.

BARNEY, Judge.

On August 21, 1996, Movant was convicted of a class D felony on two counts of driving while intoxicated.[1] *See* §§ 577.010.1, 577.023.3, RSMo 1994. Movant was sentenced to a term of four years' imprisonment on each count. *See* § 558.011.1(4), RSMo 1994. These two four-year terms were to run concurrently.

Additionally, as a result of Movant's convictions of August 21, 1996, Movant's supervised probation was revoked for a previous conviction of driving while intoxicated, for which he had been given a suspended three-year prison sentence.[2] Execution of the three-year sentence was then imposed by the trial court, to run consecutively to Movant's two four-year concurrent terms. Therefore, Movant's prison sentences totalled seven years.

## I.

In the instant appeal, Movant assigns one point of motion court error. Movant asseverates that the motion court clearly erred in denying his Rule 24.035 motion without a hearing because he asserts that his pleas of guilty were involuntary to the extent that the terms "concurrently" and "consecutively" were not explained to him by his trial counsel prior to sentencing. He avers that he reasonably believed that all sentences would "be served at the same time." He further contends that because "the record does not show that the meanings of the terms 'consecutive' and 'concurrent' were explained to [him], or that he otherwise understood his total sentence would be seven years, the record does not refute the claim, and [he] should be granted an evidentiary hearing." [3]

---

1. Movant, a prior and persistent offender, was charged by separate informations for driving while intoxicated in Sikeston, Scott County, Missouri, on January 9, 1996, and on March 15, 1996. In exchange for Movant's petition to enter plea of guilty, the prosecutor dismissed several misdemeanor charges directly related to Movant's driving while intoxicated charges.

2. Case No. CR594–959FX, Circuit Court of Scott County.

3. In its brief, the State contends that there was a variance in allegations between Movant's pro se motion and his amended motion. The State contends that Movant's amended motion did not allege that the terms "consecutive" and "concur-

## II.

Our review of the motion court's denial of relief is limited to a determination of whether its findings and conclusions are clearly erroneous. Rule 24.035(k); *Bauer v. State*, 949 S.W.2d 248, 249 (Mo.App.1997).

Because Movant's conviction resulted from a guilty plea, his claim of ineffective assistance of counsel is immaterial except to the extent that it impinges upon the voluntariness and knowledge with which the guilty plea was made. *Id.* Movant must establish a serious dereliction of duty that materially affected his substantial rights and further show that his guilty plea was not an intelligent or knowing act. *Id.* There is a strong presumption that counsel's conduct was proper. *Id.*

To be entitled to an evidentiary hearing, Movant had to: (1) allege facts, not conclusions, warranting relief if true; (2) the facts alleged must raise matters not refuted by the record and files in the case including the criminal matter; and, (3) Movant must show resulting prejudice. *Myers*, 941 S.W.2d at 890. If any of these three factors is absent, the motion court may deny an evidentiary hearing. *Kinder v. State*, 867 S.W.2d 667, 668 (Mo.App.1993).

In its judgment, the motion court found the following:

On page 9 lines 6 through 8 of the transcript of proceedings, the Court's [sic] specifically inquires[:]

"THE COURT: Are there any promises, pleas, negotiations not set forth in the petition to enter a plea of guilty?" Counsel for Movant, Mr. Edwards, responded at page 9 lines 9 and 10 "No Sir. None other than what's contained on paragraph 12."

11. The record contains a document entitled Certificate of Counsel and a separate document entitled Petition to Enter a Plea of Guilty. Each page of the petition is signed by Defendant Joe McClellan and Attorney, Spencer Edwards.

Paragraph 12 of the Petition specifically states as follows:

12. I declare that no officer or agent of any branch of government (federal, state or local) has promised or suggested that I will receive a particular sentence, or probation, or any other form of leniency if I plead GUILTY.

1. The Prosecuting Attorney has promised that will [sic] recommend a 4 year sentence on each DWI which run concurrent, but consecutive to existing sentence on 594–959FX which is a three year sentence.

2. If anyone else has made any promises or suggestions, except as noted in the previous sentences, I know they had no authority to do so and that the sentence I will receive is solely within the control of the Judge. I hope to receive lenience, but I am prepared to accept any punishment permitted by law which the Court seems fit to impose.

The motion court further found:

12. "When a Movant claims his plea was involuntary because he was misled by counsel, the test is whether Movant's belief was reasonable.["] *Norris v. State*, 778 S.W.2d 823, 824 [1] (Mo.App.1989). "While an individual may proclaim he had a certain belief and may subjectively believe it, if is [sic] was unreasonable for him to entertain such a belief at the time of the plea proceeding, relief should not be granted ... ["] Where there is no reasonable basis for the belief in light of the guilty plea record, Movant is not entitled to relief. *McMahon v. State*, 569 S.W.2d 753, 758 (Mo. banc 1978). *Holt v. State*, 811 S.W.2d 827, 828 (Mo.App. S.D.1991).

The motion court then concluded by stating that:

rent" were not explained to him. Rather, the State asserts that Movant contended in his amended motion that it was his belief that his original three-year sentence would run concurrently with his four-year sentence. Thus, the State contends that the motion court was not confronted with the precise issue in Movant's amended post conviction relief motion that Mov-

ant now presents to this Court and, consequently, Movant's point is not reviewable by this Court. Due to the similarities between the allegations contained in Movant's pro se motion and his amended motion, however, we will make a gratuitous examination of Movant's sole point of error. Rule 30.20; *see also Myers v. State*, 941 S.W.2d 889, 890 (Mo.App.1997).

Having considered the pro se and First Amended Motion the Court now sustains Respondent's Motion to Dismiss and Petitioner's Rule [24.035] motion is dismissed and Movant's request for an Evidentiary Hearing is denied.

### III.

In our review of the criminal proceedings wherein the trial court accepted Movant's guilty plea and imposed its prison sentence, we note the following colloquy between the trial court judge and Movant:

THE COURT: Allocution and sentence. Mr. McClellan, on these charges—the felony charges of driving while intoxicated, there are two of them, you'll be sentenced to four years on each charge. They will run concurrently. Do you understand that, sir? Do you understand that, sir?

THE DEFENDANT: Yes, sir.

THE COURT: They will run consecutive, though, to your three-year probation. So you have a three-years sentence that you receive. Do you understand that, sir?

THE DEFENDANT: Yes, sir.

. . .

As to the allegation in Movant's post conviction relief motion that Movant believed his three-year sentence was going to run concurrently with his four-year sentences, we conclude that the record clearly refutes Movant's contention.

First, in paragraph 12 of Movant's petition to enter a plea of guilty, the petition expressly provided that the "Prosecuting Attorney will recommend a 4 year sentence on each DWI which run concurrent, *but consecutive* to existing sentence on 594–959FX which is a three year sentence." (emphasis added). Movant's signature appears on every page of the petition to enter a plea of guilty.

Secondly, when the trial court imposed sentence upon Movant, the trial court carefully explained to Movant, as noted above, that his three-year sentence would run consecutively to his four-year sentences.

■ When considering whether a defendant pleaded guilty based on a mistaken belief about the sentence and plea agreement, "the test is whether a reasonable basis exists in the record for such belief." *Brown v. Gammon*, 947 S.W.2d 437, 440–41 (Mo. App.1997). This Court will find that a reasonable mistake exists only if a defendant's belief was based upon positive representations upon which he was entitled to rely. *Id.* at 441. When considering a plea agreement, this Court notes that plea bargaining is to be conducted fairly on both sides with the results not disappointing the reasonable expectations of either the accused or the state. *Id.*

■ Based on our review of the entire record, we conclude that Movant's alleged mistaken belief, if any, was not reasonable in light of the petition to enter plea of guilty and the sentencing testimony relating to the terms of Movant's sentence. The transcript of the plea of guilty shows that Movant is not an illiterate person and that he can read and write, having attended nine years of school and, under the circumstances, it is reasonable to expect him to comprehend both the criminal proceedings and the petition to which he affixed his signature. Movant responded with unequivocal, straightforward and clear answers, including responses to those questions specifically relating to his plea of guilty. *See Cross v. State*, 928 S.W.2d 418, 419 (Mo.App.1996).

We find no evidence that trial counsel was ineffective in his duties as trial counsel during the plea proceedings. Movant has failed to overcome the presumption that trial counsel's conduct was proper. *Bauer*, 949 S.W.2d at 249. The record eminating from his plea of guilty clearly refutes the allegations in Movant's post-conviction motion. We hold that the motion court's order and judgment is not clearly erroneous and the judgment of the motion court denying relief is affirmed. *Church v. State*, 928 S.W.2d 385, 388 (Mo. App.1996); *Bauer*, 949 S.W.2d at 250. The judgment is affirmed.

MONTGOMERY, C.J., and PARRISH, P.J., concur.