Laura A. **GOLLIDAY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 27477.**

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 16, 2006.

Kent Denzel, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen L. Kramer, Office of Atty. Gen., Jefferson City, for respondent.

DANIEL E. SCOTT, Judge.

Appellant Laura Golliday ("Movant") pleaded guilty to involuntary manslaughter and second-degree assault, and was sentenced as a persistent offender to concurrent 15–year terms. Her Rule 24.035[1] motion for post-conviction relief was denied without a hearing. She asserts she was entitled to an evidentiary hearing on her claim that, due to ineffective assistance of counsel, she was mistaken or misled about her potential sentence. We disagree and affirm the judgment.

### Facts and Procedural Background

Movant had methamphetamine and amphetamine in her system when she caused a 2003 auto accident that killed one person and severely injured another. Movant was charged with the class C felonies of involuntary manslaughter in the first degree and assault in the second degree, and alleged to be a prior and persistent offender for enhanced sentencing purposes. Movant was charged in a separate case with two drug felonies relating to the same accident.

Movant pleaded guilty to the manslaughter and assault charges in June 2004. The court also found Movant to be a prior and persistent offender, and Movant acknowledged that she understood her

1. References to rules are to Missouri Rules of     Court (2006) unless otherwise indicated.

maximum punishments were thereby increased to 15 years imprisonment on the class C felonies. After that colloquy, Movant testified she had no complaints or criticisms of her attorney and was satisfied with his services.

At sentencing three months later, Movant's counsel requested concurrent seven-year sentences "which would have been at the top end of the statutes, had [Movant] not been a persistent offender." The State sought consecutive 15–year sentences. The court imposed concurrent 15–year sentences. Thereafter, Movant again said she had no complaints or criticisms of her attorney and was satisfied with his services in that particular case.[2]

Later, Movant filed a *pro se* Rule 24.035 motion, which the State moved to dismiss.[3] Appointed counsel timely filed an amended motion and requested an evidentiary hearing, to which the State replied with an amended motion to dismiss. The motion court denied relief without a hearing, adopting as its findings of fact and conclusions of law the State's findings and conclusions in its amended motion to dismiss.

On appeal, Movant alleges the State offered her either a ten-year deal or an "open" plea. She claims her trial counsel assured her that under an open plea, her "prior and persistent allegations" would be dropped and she would receive "less time." Movant claims the motion court erred in denying these claims without an evidentiary hearing.

### Standard of Review

■ Our review is limited to whether the motion court's findings and conclusions are clearly erroneous. This standard is satisfied only if, after we review the entire record, we are definitely and firmly impressed that a mistake was made. *Barnes v. State*, 160 S.W.3d 837, 838–39 (Mo.App. 2005); *West v. State*, 159 S.W.3d 847, 849 (Mo.App.2005).

■ A Rule 24.035 movant becomes entitled to an evidentiary hearing (1) by pleading facts, not conclusions, warranting relief; (2) which raise matters not refuted by the record in the criminal case; and (3) showing resulting prejudice to movant. Absent any one of these three factors, the motion court may deny an evidentiary hearing. *McClellan v. State*, 967 S.W.2d 706, 708 (Mo.App.1998).

■ A movant who claims he pleaded guilty because he was mistaken or misled about the sentence or plea agreement must show that the record reveals a reasonable basis for such belief based on positive representations upon which movant was entitled to rely. *Brown v. State*, 66 S.W.3d 721, 731 (Mo.banc 2002); *McClellan*, 967 S.W.2d at 709. If the record conclusively refutes the movant's claims—as appears the case here—they are properly denied without evidentiary hearing. *Brown*, 66 S.W.3d at 731; Rule 24.035(h).

■ The guilty plea record here conclusively shows Movant had no reason to believe that she would not be charged as a prior and persistent offender, or that her sentence would be limited to ten years or less. She heard the prosecutor describe her felony convictions and the State's desire "to prove on each and every one of these counts that [Movant] is a prior and persistent offender." Then Movant heard the court and her counsel agree that, as a prior and persistent offender, Movant's

---

2. Her only stated complaint was that she also wanted to plead to and dispose of the drug charges in the other case.

3. The motion to dismiss was passed, presumably in expectation of the amended Rule 24.035 motion.

range of punishment on each class C felony "has now been augmented to that of a B felony, which is five to fifteen." Then the court discussed these matters with Movant directly:

Q [The Court]: Ma'am, you understand, that because the prosecutor has pled and has proved, by your admission, that you're a prior and persistent offense (sic), the range of punishment on these C felonies, the maximum punishment becomes fifteen years in the Missouri Department of Corrections? Do you understand that?

A [Movant]: Yes.

Q: And, on the B felony the possession with intent, the range of punishment is a minimum of ten, maximum of thirty or life. Do you understand all that?

A: Yes. (Nods head.)

Q: And, one of the reasons I'm asking you that, is that's contrary to what you all put in the plea agreement—I mean petition to enter a guilty plea. Do you understand what I'm saying?

A: Yeah. I don't understand why I'm being charged with persistent, but I understand I am and what it—what it means.

Q: Okay. Well, I guess we'll never know why because the prosecutor probably won't tell us, but the prosecutor has got the option to charge you as a prior or a persistent offender, and when he does that, it enhances or increases the range of punishment.

A: All right.

Q: Do you understand all that?

A: (Nods head.)

Q: And, you understand what the punishment range is on these four crimes, correct?

A: Yes.

Movant also filed a petition to enter a plea of guilty, in which she confirmed that neither the prosecutor nor any governmental authority had made any promises or concessions regarding her potential sentence; that she knew no one else had any authority to do so; and that "the sentence I will receive is solely a matter within the control of the Judge. I hope to receive lenience, but I am prepared to accept any punishment permitted by law which the Court sees fit to impose." Movant likewise denied, under oath at the plea hearing, receiving any sort of promise from anyone to make her plead guilty.

▮ Movant also repeatedly expressed satisfaction with her counsel's services in the case—first in her petition to enter a plea of guilty; again during questioning at the guilty plea hearing; and finally at sentencing after she received the punishment of which she now complains. A movant who repeatedly assures the court that she is satisfied with her counsel's performance is later barred from obtaining post-conviction relief based on ineffective assistance of counsel. *Maberry v. State,* 137 S.W.3d 543, 547 (Mo.App.2004).

The record belies any reasonable basis for Movant to believe she would not be sentenced as a prior and persistent offender, or that she was assured of a sentence less than ten years, and instead is replete with Movant's expressions of satisfaction with her counsel's services. The motion court did not clearly err in denying an evidentiary hearing. Judgment affirmed.

PARRISH, J., and RAHMEYER, P.J., concurs.