

# In the Missouri Court of Appeals
# Eastern District

### DIVISION ONE

| | | |
|---|---|---|
| MARCUS WHARTON, | ) | No. ED99652 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Thomas C. Grady |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | FILED: May 13, 2014 |

Marcus Wharton ("Movant") appeals from the motion court's judgment, without an evidentiary hearing, denying his Rule 24.035 motion for post-conviction relief. Movant pled guilty to four counts of robbery in the first degree, in violation of Section 569.020, and four counts of armed criminal action, in violation of Section 571.015. He was sentenced to a total of 18 years of imprisonment in the Missouri Department of Corrections. We affirm.

## I. Background

Movant was charged by substitute information in lieu of indictment with four counts of robbery in the first degree and four counts of armed criminal action, relating to three incidents that occurred in July 2009, involving four separate victims. Movant was charged as a prior and persistent offender. On January 23, 2012, Movant pled guilty as charged.

Movant told the plea court that he wished to enter a blind plea of guilty to the charges, stating that his plea counsel ("Plea Counsel") had explained charges and that he understood them. Movant agreed that he had spoken enough with his Plea Counsel in deciding whether to plead guilty to the charges. The court explained to Movant the trial rights he would be waiving by pleading guilty, and Movant stated he understood those rights and agreed he was voluntarily waiving them.

The prosecutor explained the factual basis for the charges, after which Movant admitted were true, and that he had no corrections. The prosecutor stated that Counts I and II related to a robbery on July 11, 2009, at a Family Dollar Store, wherein Movant stole cash while an accomplice displayed a deadly weapon. Counts III through VI related to two robberies occurring on July 16, 2009, at Game Stop, in which Movant and two accomplices, also using a deadly weapon, forcibly stole cash from one victim and a Wii videogame console from another victim. Counts VII and VIII related to a robbery occurring on July 1, 2009, at a Cricket store located next to the Family Dollar Store involved in the first and second counts. Movant and the same accomplice from Counts I and II forcibly stole cash, also using a deadly weapon, from the victim clerk who later identified Movant and the accomplice.

Movant was informed the range of punishment was 10 to 30 years or life imprisonment for the first-degree robbery charges, and 3 years to any number of years or life for the armed criminal action charges. Movant stated he discussed the ranges of punishment with his Plea Counsel and that he understood them. The State deferred making a sentencing recommendation until reviewing the sentencing assessment report ("SAR"). Movant agreed that his Plea Counsel had explained to him that sentencing would occur following completion of the SAR, and that his Plea Counsel had explained

2

that the court would decide what sentences to impose, from the minimum to the maximum punishment range. Movant stated that no one had made any promises about sentencing or probation to induce his guilty plea. He agreed that no one had told him that the judge had made any promises. Movant agreed that he understood that the judge was not required to follow the SAR, and that he could not take back his guilty plea if he did not like the judge's decision. Movant confirmed that he told his lawyer all the facts surrounding the case, and that Plea Counsel had fully answered his questions and did everything that Movant had asked of him. Movant stated that no one had told him to lie to the court.

Further, Movant agreed that he had no complaints against Plea Counsel. He agreed that Plea Counsel had contacted the potential witness, whom Plea Counsel had endorsed. Movant also answered that no one had threatened or mistreated his family to induce his guilty plea. He pled guilty as charged and stated that he was doing so under his own free will. The court accepted Movant's guilty pleas and ordered an SAR. On May 11, 2012, the court sentenced Movant to concurrent 18-year sentences on all eight counts.

Movant filed his pro se Rule 24.035 motion on June 11, 2012. Appointed counsel filed Movant's Rule 24.035 amended motion on December 20, 2013. The motion court denied Movant's motion without an evidentiary hearing and entered a judgment on January 24, 2013. This appeal follows.

## II. Discussion

Movant raises two points on appeal. In his first point, he alleges the motion court clearly erred in denying his Rule 24.035 post-conviction relief motion without an evidentiary hearing because he alleged facts, not conclusions, which if proven, would

3

warrant relief and were not conclusively refuted by the file and record. Movant claims he was denied his rights to due process of law and effective assistance of counsel, as guaranteed by the Fifth, Sixth and Fourteenth Amendments of the United States Constitution and Article I, Sections 10 and 18(a) of the Missouri Constitution. Movant claims that his Plea Counsel was ineffective for assuring Movant the court would sentence him to a term of imprisonment of ten years on each count, to run concurrently. Movant alleges he reluctantly entered a plea of guilty because he believed the court would sentence him in line with Plea Counsel's assurances. Movant states that had he known the plea court would sentence him to a total of 18 years of imprisonment, he would not have pled guilty, but would had insisted on taking his case to trial.

In his second point, Movant alleges the motion court clearly erred in denying Movant's motion for post-conviction relief under Rule 24.035 without an evidentiary hearing because he alleged facts, not conclusions, which if proven, would warrant relief and were not conclusively refuted by the file and record. Movant contends he was denied his rights to due process of law and effective assistance of counsel as guaranteed by the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and Article I, Sections 10 and 18(a) of the Missouri Constitution in that he was pressured by Plea Counsel to enter a plea of guilty even though he wanted to proceed to trial to prove he did not participate in the commission of the charged offense. Movant further claims his guilty plea was not voluntarily, knowingly and intelligently made because it was the result of Plea Counsel's use of persuasion to pressure him into entering his plea of guilty even though he expressed his desire to proceed to trial. Movant alleges Plea Counsel's representation fell below the standard of customary skill and diligence exercised by a reasonably competent attorney under similar circumstances. But for Plea Counsel's

4

ineffectiveness, Movant claims he would not have entered a plea of guilty, but would have insisted on taking his case to trial.

A. Standard of Review

We review a denial of post-conviction relief to determine whether the motion court's findings and conclusions are clearly erroneous. Rule 24.035(k); Webb v. State, 334 S.W.3d 126, 128 (Mo. banc 2011). Findings and conclusions are clearly erroneous if, upon review of the entire record, we are left with the definite and firm impression that a mistake has been made. Gehrke v. State, 280 S.W.3d 54, 56-57 (Mo. banc 2009).

A movant is entitled to an evidentiary hearing only if (1) the movant pled facts, not conclusions, warranting relief; (2) the facts alleged are not refuted by the record; and (3) the matters complained of resulted in prejudice to the movant. Id. When the movant's claim is one of ineffective assistance of counsel, the movant must allege facts, unrefuted by the record, that (1) trial counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney and (2) movant was thereby prejudiced. Webb, 334 S.W.3d at 128. To show prejudice when challenging a guilty plea, the movant must allege facts showing "'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Id. (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). Hence, "[f]ollowing a guilty plea, the effectiveness of counsel is relevant only to the extent that it affected whether or not the plea was made voluntarily and knowingly." Morales v. State, 104 S.W.3d 432, 434 (Mo. App. E.D. 2003). Trial counsel is presumed effective, and a movant bears the burden of proving otherwise. Forrest v. State, 290 S.W.3d 704, 708 (Mo. banc 2009).

B. Point I: Movant Testified His Attorney did not Promise Movant Anything.

5

First, Movant alleges the motion court clearly erred in denying his Rule 24.035 post-conviction relief motion without an evidentiary hearing because his Plea Counsel was ineffective for assuring Movant that the court would sentence him to a term of imprisonment of ten years on each count, to run concurrently. Movant alleges he reluctantly entered a plea of guilty because he believed the court would sentence him in line with Plea Counsel's assurances. Movant states that had he known the plea court would sentence him to a total of 18 years of imprisonment, he would not have pled guilty, but would had insisted on taking his case to trial.

A guilty plea must be a voluntary expression of the defendant's choice and a knowing and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences of the act. Roberts v. State, 276 S.W.3d 833, 836 (Mo. banc 2009). "A plea of guilty is not made voluntarily if the defendant is misled, or is induced to plead guilty by fraud or mistake, by misapprehension, fear, persuasion, or the holding out of hopes which prove to be false or ill founded." Bequette v. State, 161 S.W.3d 905, 907 (Mo. App. E.D. 2005) (quoting Drew v. State, 436 S.W.2d 727, 729 (Mo. 1969)) (internal citations omitted). "When a movant pleads guilty and then affirmatively states in court that he is satisfied with the performance of his trial counsel, he is not then entitled to an evidentiary hearing on a claim that counsel was ineffective for failure to investigate, because such claim is refuted by the record." Simmons v. State, 100 S.W.3d 143, 146 (Mo. App. E.D. 2003). Moreover, "[m]ere prediction or advice of counsel will not lead to a finding of legal coercion rendering a guilty plea involuntary." Nesbitt v. State, 335 S.W.3d 67, 70 (Mo. App. E.D. 2011).

The motion court found that Movant's claim was refuted by the record in that Movant stated under oath that no promises had been made to induce his pleas and that he

6

understood the court could consider the entire range of punishment after reviewing a sentencing assessment report.

Our review of the record shows the plea court directly and unequivocally questioned Movant on whether anyone had promised him *anything*, which would include a lesser sentence, when the court asked, "And has anyone promised you anything about your sentence in order to get you to plead guilty?" Movant should have known that was the time to inform the court, if it were so, that his Plea Counsel promised him a sentence that did not exceed ten years. However, Movant instead answered that no one had promised him anything about his sentence. The court did not need to rephrase and ask the same question in multiple ways. Additionally, it was clear that the sentencing range was 10 to 30 years to life imprisonment. During the plea hearing, the court specifically questioned Plea Counsel whether Movant was pleading without a specific amount of prison time, and Plea Counsel agreed. Plea Counsel said he had explained to Movant that it was a blind plea, meaning they would ask for a Sentencing Assessment Report, come back on the sentencing date, and the court would decide "anything from the minimum to the maximum sentence." The court then asked Movant if that was correct, and Movant responded, "Yes, Your Honor."

"To preclude an evidentiary hearing, inquiry into defendant's satisfaction with performance of trial counsel conducted at sentencing proceedings must be specific enough to elicit responses from which [the] motion court may determine that record refutes conclusively allegation of ineffectiveness asserted in motion for post[-]conviction relief based upon ineffective assistance of trial counsel." Evans v. State, 921 S.W.2d 162, 165 (Mo. App. W.D. 1996). "Statements made by the defendant during sentencing refute ineffective assistance of counsel claims if the questions and responses are specific

7

enough to refute conclusively the movant's allegations." Redeemer v. State, 979 S.W.2d 565, 571 (Mo. App. W.D. 1998).

Here, the record includes a transcript in which Movant specifically was asked whether anyone promised him anything about his sentence in order to induce him to plead guilty, and Movant's response was no. When Movant was asked whether he had any complaints about his attorney, Movant responded no. Movant answered that his attorney had answered fully all of his questions, and had done everything he had asked him to do. After Movant pled guilty, the plea court further made a finding that the defendant's plea "is made voluntarily and intelligently with a full understanding of the charge and the consequences of the plea and with an understanding of her rights attending a jury trial and the effect of a plea of guilty on those rights." The court further found a factual basis for the plea and accepted the plea of guilty. It is hard to believe that anyone could read the record of the guilty plea and believe that Movant was somehow confused or mislead about the questions and his answers to those questions.

Even five months later, at sentencing, the record shows that Movant was asked whether his attorney had done everything he asked him to do, and whether his attorney fully explained Movant's rights to him, both of which questions Movant responded in the affirmative. The court also asked again whether Movant had any complaints, and Movant had none. The court again asked whether Plea Counsel did a reasonably good job for Movant, considering all the circumstances, and Movant answered yes. The court also asked again whether there was any reason why he should not be sentenced, to which Movant responded no. Movant also was reminded that his co-defendants received sentences of 15 and 20 years. For some reason, a period of confinement has seemingly erased Movant's memory of the questions and answers given not only at the time he

8

entered his plea, but also five months later when he was sentenced.

Based on the record before us, we find that Movant was sufficiently questioned in detail during his plea and sentencing hearings to determine that his allegation that Plea Counsel induced him to plead guilty by promising a lesser sentence is refuted by the record. The record demonstrates Movant's clear incentives to avoid a trial. His claim here, thus, borders on frivolous.[1]

## C. Point II: The Record Refutes Movant's Complaint about Plea Counsel.

In his second point, Movant alleges the motion court clearly erred in denying Movant's motion for post-conviction relief in that he was pressured by Plea Counsel to enter a plea of guilty even though he wanted to proceed to trial to prove he did not participate in the commission of the charged offense. Movant further claims his guilty plea was not voluntarily, knowingly and intelligently made because it was the result of Plea Counsel's use of persuasion to pressure him into entering her plea of guilty even though he expressed his desire to proceed to trial. Movant alleges but for Plea Counsel's ineffectiveness, Movant would not have entered a plea of guilty, but would have insisted on taking his case to trial.

A defendant who repeatedly assures the court at his guilty-plea hearing that he is satisfied with his counsel's performance and believes his counsel has done everything defendant requested is barred from obtaining post-conviction relief based on ineffective

---

[1] Courts wish "to discourage frivolous and unfounded allegations which must be addressed by trial courts already over burdened with a proliferation of post-conviction remedy motions." State v. Bradley, 811 S.W.2d 379, 383 (Mo. banc 1991) (discussing the requirement for a movant's verification of his post-conviction motion listing all grounds for relief known to him and his acknowledgment of waiver of all unlisted grounds). Appellate counsel is under no obligation to raise every issue asserted by a movant, and "can make the strategic decision to remove frivolous claims not likely to result in reversal in favor of putting forth stronger arguments." Holman v. State, 88 S.W.3d 105, 110 (Mo. App. E.D. 2002). Avoiding such frivolous claims "promotes judicial economy by focusing the Court's attention on those issues most pertinent to resolving the case." Id. Further, we suggest that avoiding frivolous claims in one case may promote justice by focusing limited judicial resources on *other cases* in need of resolution.

assistance of counsel. <u>Wild v. State</u>, 345 S.W.3d 328, 330 (Mo. App. 2011); <u>Golliday v. State</u>, 203 S.W.3d 258, 261 (Mo. App. S.D. 2006). Counsel is not ineffective for advising his client of the strength of the State's case and that conviction is likely, and as a result of the counsel's advice the movant pleads guilty. <u>Pittman v. State</u>, 331 S.W.3d 361, 365 (Mo. App. W.D. 2011).

Here, the record also refutes the allegation that Movant wanted to go to trial. To the contrary, Movant admitted to all the facts stated when the prosecutor explained what the State would prove if the case went to trial. Movant was asked whether there was anything he needed to correct, and he said no. Movant also answered several questions regarding his satisfaction with his Plea Counsel, as discussed <u>supra</u>.

We find the motion court correctly denied Movant's motion for post-conviction relief without an evidentiary hearing.

### III. Conclusion

The judgment of the motion court is affirmed.

_____
Roy L. Richter, Presiding Judge

Clifford H. Ahrens, J., concurs
Glenn A. Norton, J., concurs

10