**FILED**

**April 11, 2022**

**released at 3:00 p.m.**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 21-0382 – *State of West Virginia v. Michael Paul Conn*

WOOTON, Justice, dissenting:

The issue in this case is whether a conviction for the crime of attempt to commit an assault during the commission of a felony,[1] West Virginia Code § 61-2-10 [(2020)],[2] is a qualifying offense under the Sex Offender Registration Act ("the Act").[3] If the conviction is a qualifying offense set forth by the Legislature in West Virginia Code § 15-12-2(b), then the petitioner Michael Conn is required to register as a sex offender for life; but if, as the petitioner argues, his conviction is only supported by a finding that it was sexually motivated, *see* West Virginia Code § 15-12-2(c), he is only required to register for a ten-year period. The majority freely acknowledges that the offense for which the petitioner was convicted "is not specifically enumerated as a 'qualifying offense'" under the Act. Despite this unambiguous recognition that should have easily resolved this case,

---

[1] This language is taken from the charging information as discussed *infra* in greater detail and is the title given to West Virginia Code § 61-2-10. *See infra* note 2.

[2] West Virginia Code § 61-2-10, "Assault during commission of or attempt to commit a felony[]" provides:

> If any person in the commission of, or attempt to commit a felony, unlawfully shoot, stab, cut or wound another person, he shall be guilty of a felony and, upon conviction, shall, in the discretion of the court, either be confined in the penitentiary not less than two nor more than ten years, or be confined in jail not exceeding one year and be fined not exceeding one thousand dollars.

[3] *See id*. §§ 15-12-1 to -10 (2019).

1

the Court determines that the petitioner nonetheless must register as a sex offender for life "because he *was* convicted of a qualifying offense[]" – even though the Legislature has never identified the offense as such. *See id.* § 15-12-2(b) (enumerating qualifying offenses; discussed *infra* in greater detail). The majority has rewritten a clear and unambiguous statute to include a new qualifying offense, which action not only directly contradicts the language of the Act, but also violates any semblance of fundamental fairness. Therefore, I respectfully dissent to the majority's decision.

In January 1998, in Case No. 98-F-39 the petitioner was indicted on four counts of third-degree sexual assault on a minor. On July 28, 1998, he entered a guilty plea to one count of third-degree sexual assault. However, shortly thereafter, he moved to withdraw that plea as he did not want to be convicted of a crime that would require him to register as a sex offender under the law in effect at that time[4] "because he wouldn't get to be around his children." The State joined in the motion, and the circuit court allowed the petitioner to withdraw the plea.

A new plea agreement was negotiated in which the petitioner agreed to plead guilty to an information filed in a new case, Case No. 98-F-161, for "attempting to commit

---

[4] There is no identification either in the appendix record or the briefing of what law was in effect at the time which would have required the petitioner to register as a sex offender.

an assault during the commission of a felony." This new plea agreement was specifically intended to avoid a conviction which would require the petitioner to register as a sex offender. To that end, the charging information drafted by the State made no reference to any sexually related crime, providing only as follows:

> THE PROSECUTING ATTORNEY CHARGES:
>
> That on or about the 20th day of August, 1997, in the County of Cabell, State of West Virginia, MICHAEL CONN did commit the offense of "ATTEMPT TO COMMIT A FELONY" by unlawfully, feloniously, knowingly and intentionally attempting to commit an assault during the commission of a felony, against the peace and dignity of the State.

On August 28, 1998, during a plea hearing, the petitioner pleaded guilty to the crime charged in the information, was found guilty and convicted of "Attempt to Commit a Felony, a provable offense as contained in Information No. 98-F-161[,]" and was sentenced to serve a term of one to three years in prison. The State then moved to dismiss the first felony indictment, Case No. 98-F-39, charging four counts of third-degree sexual assault, which motion was granted by the circuit court. Thus, the only relevant conviction that exists is an attempt to commit a felony. *See* W. Va. Code § 61-2-10.

In 2000, the West Virginia Legislature amended the sexual offender registry requirements set forth in the Act.[5]  *See* W. Va. Code §§ 15-12-1 to -10.  Because West

---

[5] The Act was originally enacted in 1999.

Virginia Code § 15-12-2(a) expressly provided that "[t]he provisions of this article apply both prospectively and retroactively," the petitioner was instructed to register as a sex offender in 2001. He filed a petition for post-conviction habeas corpus relief in 2003, challenging the requirement that he had to register as a sex offender under the Act. The circuit court denied the habeas petition; however, upon appeal to this Court, we remanded the case to the circuit court to make written findings of fact concerning whether the petitioner's 1998 conviction was sexually motivated under the provisions of West Virginia Code § 15-12-2(c).[6] A finding of sexual motivation in regard to the petitioner's conviction was necessary because the crime for which the petitioner was convicted was *not a qualifying offense* under the Act.[7] Hence, if the petitioner's conviction was not found to

---

[6] West Virginia Code § 15-12-2 (c) provides, in relevant part: "(c) Any person who has been convicted of a criminal offense where the sentencing judge made a written finding that the offense was *sexually motivated* shall also register as set forth in this article." (Emphasis added).

[7] The qualifying offenses, which the majority acknowledges in footnote six of the opinion "refer to various sexual offenses[,]" do not require a circuit court to find that the crime was "sexually motivated." The specific qualifying offenses set forth in West Virginia Code § 15-12-2(b) are as follows:

> (b) Any person who has been convicted of an offense or an attempted offense or has been found not guilty by reason of mental illness, mental retardation, or addiction of an offense under any of the following provisions of this code or under a statutory provision of another state, the United States Code or the Uniform Code of Military Justice which requires proof of the same essential elements shall register as set forth in § 15-12-2(d) of this code and according to the internal management rules promulgated by the superintendent under authority of § 15-2-25 of this code:
>
> (1) § 61-8A-*1 et seq*. of this code;

be sexually motivated, then he would not have to register at all as a sex offender. However, if the circuit court found it was sexually motivated, then statutorily he was required to register for a period of ten years – but not for life. *See id*. § 15-12-4 (setting the duration for registration; discussed *infra* in greater detail).

On May 19, 2006, the circuit court conducted a hearing on the issue of whether the petitioner's 1998 conviction was sexually motivated. The court determined that the 1998 offense was sexually motivated, based on the State's proffer at the August 28, 1998, plea hearing that the evidence that it *would prove* at trial "would be that on or

---

(2) § 61-8B-1 *et seq*. of this code, including the provisions of former § 61-8B-6 of this code, relating to the offense of sexual assault of a spouse, which was repealed by an act of the Legislature during the 2000 legislative session;

(3) § 61-8C-1 *et seq*. of this code;

(4) § 61-8D-5 and § 61-8D-6 of this code;

(5) § 61-2-14(a) of this code;

(6) § 61-8-6, § 61-8-7, § 61-8-12, and § 61-8-13 of this code;

(7) § 61-3C-14b of this code, as it relates to violations of those provisions of chapter 61 listed in this subsection; or

(8) § 61-14-2, § 61-14-5, and § 61-14-6 of this code: *Provided*, That as to § 61-14-2 of this code only those violations involving human trafficking for purposes of sexual servitude require registration pursuant to this subdivision.

about August the 20th, 1997, that the defendant, Michael Conn, did actually have intercourse with a juvenile[.]"[8] Based on this finding by the circuit court in 2006, the petitioner was only required to register as a sex offender for a ten-year period. *See id*. The petitioner appealed the ruling to this Court, which refused to hear the appeal by order entered October 11, 2006. Thus, the circuit court's finding effectively resolved any issue in regard to the duration of the petitioner's registration. *See id*.

In 2014, the petitioner was charged in the currently contested indictment, Case No. 14-F-512, with six counts of failing to register as a sex offender or provide notice of registration changes. On January 9, 2018, the petitioner entered a no contest plea to two counts of failure to register, and he was sentenced to consecutive indeterminate terms of one to five years.[9] In March of 2021, the petitioner filed a petition for writ of error coram nobis and motion in arrest of judgment and for dismissal of the indictment,[10] arguing that

---

[8] There is no mention in the circuit court's order making a finding of sexual motivation in regard to how long the petitioner was required to register based on that finding.

[9] The petitioner failed to appear at an arraignment, after which a warrant was issued in December of 2014 and executed on May 25, 2017.

[10] *See* Syl. Pt. 5, *State v. Hutton*, 235 W. Va. 724, 776 S.E.2d 621 (2015) ("A claim of legal error may be brought in a petition for a writ of error coram nobis only in extraordinary circumstances and if the petitioner shows that (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) there exists a substantial adverse consequence from the conviction; and (4) the error presents a denial of a fundamental constitutional right.").

6

he only should be required to register as a sex offender for ten years. He further contended that because more than ten years had passed, he was no longer required to register as an offender at the time of the indictment.

In order to resolve the petition, the circuit court should have simply applied the law to the facts of the case and afforded the petitioner the relief to which he was legally entitled. However, the circuit court opted to pose a certified question to this Court, asking whether the petitioner's conviction for an attempt to commit an assault during the commission of a felony was a "qualifying offense" under the language of the Act which would require the petitioner register as a sex offender for life.[11]

The majority begins by reformulating the certified question as follows:

> Is Mr. Conn's 1998 conviction—"Attempt to Commit an Assault during the Commission of a Felony," under West Virginia Code § 61-2-10, *the underlying felony being a violation of West Virginia Code § 61-8B-5(2), third[-]degree*

---

[11] The circuit court posed the following question:

> Is [Mr. Conn's] 1998 conviction for "Attempt to Commit an Assault during the Commission of a Felony," under W. Va. Code [§] 61-2-10, which was found by the Circuit Court to be a sexually motivated crime against a minor, a qualifying offense under the West Virginia Sexual Offender Registration Act, W. Va. Code [§] 15-12-1 *et seq.,* which would require [Mr. Conn] to become a registered sex offender for life?

7

*sexual assault, when he had intercourse with a juvenile under the age of sixteen when he was twenty-two years of age*—a qualifying offense under the West Virginia Sex Offender Registration Act, West Virginia Code § 15-12-1 et seq., which would require Mr. Conn to become a registered sex offender for life?

(Emphasis added). The question certified by the circuit court was whether a finding that the conviction for which the petitioner was convicted was "sexually motivated" elevates a nonqualifying offense to a qualifying offense under the Sexual Offender Registration Act. The majority reformulated the certified question to focus on the language in the State's proffer made during the plea hearing in regard to the underlying felony – that the evidence that State "*would have produced*" at trial was "that on or about August the 20th, 1997, . . . the defendant, Michael Conn, did actually have intercourse with a juvenile . . . who was under the age of sixteen and more than four years difference between their ages, Mr. Conn being twenty-two" – *a crime for which the petitioner was neither charged nor convicted*.

The majority answers the reformulated question by determining that the crime of attempt to commit an assault during the commission of a felony was a "qualifying offense" under the provisions of West Virginia Code § 15-12-2(b) and therefore the petitioner was required to register for life. In reaching this conclusion, the majority employs an analysis that contravenes basic principles of statutory construction.

The first problem the majority faces is that the law of the case was established in the petitioner's original appeal; this Court determined that the petitioner's conviction was not a qualifying offense, which is why we remanded the case for a determination as to whether the conviction was "sexually motivated." The majority finesses this finding by "reformulating" the certified question. The majority then replaces the finding made by the circuit court in 2006 upon remand by this Court – that the petitioner's conviction was sexually motivated – with a new finding – that "the underlying felony being a violation of West Virginia Code § 61-8B-5(2), third[-]degree sexual assault, when he had intercourse with a juvenile under the age of sixteen when he was twenty-two years of age[.]" Thus, the majority deftly elevates the offense to which the petitioner pled guilty – attempt to commit a felony – into the offense of third-degree sexual assault, a charge to which the petitioner never pled guilty; indeed, a charge which was dismissed in 1998 on motion of the State!

The majority also ignores the language in section 15-12-2(b) of the Act that provides that "[a]ny person who has been convicted of an offense or an attempted offense" of the specified qualifying offenses shall register as a sex offender for life. *Id*. The petitioner was not convicted of a specified qualifying offense or an attempt to commit a specified qualifying offense. Moreover, the statutory language plainly states that sex offender registration is inextricably tied to a conviction – not a proffer, and not an underlying crime which was dismissed.

9

Second, the majority correctly sets forth the law in regard to statutory construction which requires a statute to be applied as written where no ambiguity exists. *See Bradford v. W. Va. Solid Waste Mgmt. Bd.*, ___ W. Va. ___, ___, 866 S.E.2d 82, 87 (2021) ("Accordingly, '[w]hen a statute is clear and unambiguous and the legislative intent is plain, the statute should not be interpreted by the courts, and in such case[,] it is the duty of the courts not to construe but to apply the statute.' Syl. pt. 5, *State v. Gen. Daniel Morgan Post No. 548, Veterans of Foreign Wars*, 144 W. Va. 137, 107 S.E.2d 353 (1959)."). Both parties contend that the statute is clear and unambiguous. Nonetheless, the majority declines to apply the language of the Act as written, choosing instead to read into the Act a new qualifying offense of attempt to commit an assault during the commission of a felony. Not only does this violate a fundamental principle of statutory construction, it also fails to consider another basic rule of statutory construction: "[i]n examining statutory language generally, words are given their common usage and '*[c]ourts are not free to read into the language what is not there*, but rather should apply the statute as written.'" *Keatley v. Mercer Cnty. Bd. of Educ.*, 200 W.Va. 487, 491, 490 S.E.2d 306, 310 (1997) (quoting *State ex rel. Frazier v. Meadows*, 193 W.Va. 20, 24, 454 S.E.2d 65, 69 (1994) (emphasis added).). Succinctly stated, the language of the Act fails to include as a qualifying offense the crime for which the petitioner stands convicted. The majority acknowledges this fact, yet inexplicitly declares it to be qualifying offense. Undoubtedly if the Legislature had intended a conviction for attempt to commit an assault during the commission of a felony, West Virginia Code § 61-2-10, to be a qualifying offense, it would have identified it as such. *See* W. Va. Code § 15-12-2(b). This Court has previously held

10

that "[i]t is not for this Court arbitrarily to read into a statute that which it does not say. Just as courts are not to eliminate through judicial interpretation words that were purposely included, we are obliged not to add to statutes something the Legislature purposely omitted.". Syl. Pt. 11, *Brooke B. v. Ray*, 230 W. Va. 355, 738 S.E.2d 21 (2013).

In short, the majority has rewritten the Act in order to add an additional qualifying offense to those offenses enumerated by the Legislature. In this regard, the majority states that

> [b]ased upon our examination of the Act and this Court's body of caselaw, we conclude that Mr. Conn did commit a "qualifying offense" that requires him to register as a sex offender for life. As the State correctly stated, there is an inextricable link between the crime of "attempt to commit an assault during the commission of a felony" and the underlying felony committed. While we acknowledge that "attempt to commit an assault during the commission of a felony" under West Virginia Code § 61-2-10 is not specifically enumerated as a "qualifying offense" under the Act, *the analysis cannot stop there. Rather, the inquiry is twofold, and we must take the next step in the analysis: What felony was Mr. Conn in the process of committing when he was attempting to commit an assault?*[12]

(Emphasis and footnote added). Contrary to the majority's statement that further inquiry is legally supported when a conviction is not found to be a qualifying offense, there is no

---

[12] It is unclear exactly what the majority's newly created inquiry is directed to analyzing. The crime with which the petitioner was charged was "attempt to commit an assault during the commission of a felony."

legal authority either in the Act or in our caselaw that supports such action on the part of the Court.

The majority then analyzes the petitioner's conviction based upon its answer to a question the circuit court never asked. The majority begins by reasoning that "[b]asic criminal law says that no conviction is possible unless every element is proved beyond a reasonable doubt." It then relies upon this Court's opinion in *State v. Starkey*, 161 W. Va. 517, 522 n.2, 244 S.E.2d 219, 223, n.2 (1978), *overruled on other grounds by State v. Guthrie*, 194 W. Va. 657, 461 S.E.2d 163 (1995) (quoting W. LaFave & A. Scott, *Handbook on Criminal Law* 49 (1972)), in which the Court stated in dicta in a footnote that a commentator had noted that "'[t]he crime of attempt does not exist in the abstract but rather exists only in relation to other offenses.'" Based upon this "authority," the majority reasons that because the petitioner's conviction is so "inextricably intertwined" with the third-degree sexual assault and because third-degree sexual is a qualifying offense, therefore "it must be concluded that Mr. Conn could not have been convicted of 'attempt to commit assault during the commission of a felony' unless he was also guilty of committing, or attempting to commit, a felony." The recitation of these principles of criminal law suggests the possibility that the majority was not mindful that the Sexual Offender Registration Act is a "civil regulatory statue and not a criminal penalty statute." *See State v. Whalen*, 214 W. Va. 299, 301 n.2, 588 S.E.2d 677, 679 n.2 (2003); *see also* W. Va. Code § 15-12-1a ("It is not the intent of the Legislature that the information be used to

12

inflict retribution or additional punishment on any person convicted of any offense requiring registration under this article.").

Third, the majority's opinion authorizes a court to look behind any conviction to determine whether it can be deemed to be a qualifying offense, notwithstanding the legislature's omission of that conviction from the statutory list of qualifying offenses. Clearly, this holding emasculates the language of West Virginia Code § 15-12-2(c), which provides that "[a]ny person who has been convicted of a criminal offense where the sentencing judge made a written finding that the offense was sexually motivated shall also register as set forth in this article." *See* Syl. Pt. 2, *Huffman v. Goals Coal Co.*, 223 W. Va. 724, 679 S.E.2d 323 (2009) ("This Court does not sit as a superlegislature, commissioned to pass upon the political, social, economic or scientific merits of statutes pertaining to proper subjects of legislation. It is the duty of the Legislature to consider facts, establish policy, and embody that policy in legislation. It is the duty of this Court to enforce legislation unless it runs afoul of the State or Federal *Constitutions*."). In clear, unequivocal language, the Legislature set forth in section 15-12-2(c) the exact procedure for dealing with criminal offenses that are not qualifying offenses, which procedure requires the circuit court to make a finding that the crime was sexually motivated. *Id*. The legislation specifies that a determination that a crime was sexually motivated will result in an individual having to register as a sex offender for a period of

ten years.  *See* W. Va. Code § 15-12-4.[13]  The petitioner concedes to having to register for

a ten-year period; he only challenges having to register for life.

---

[13] West Virginia Code § 15-12-4 provides:

> a) A person required to register under the terms of this article shall continue to comply with this section, except during ensuing periods of incarceration or confinement, until:
>
> (1) *Ten years have elapsed since the person was released from prison*, jail, or a mental health facility or 10 years have elapsed since the person was placed on probation, parole, or supervised or conditional release. The 10-year registration period may not be reduced by the sex offender's release from probation, parole, or supervised or conditional release; or
>
> (2) *For the life of that person, if that person*: (A) Has one or more prior convictions or has previously been found not guilty by reason of mental illness, mental retardation, or addiction for any qualifying offense referred to in this article; (B) *has been convicted* or has been found not guilty by reason of mental illness, mental retardation, or addiction *of a qualifying offense as referred to in this article*, and upon motion of the prosecuting attorney, the court finds by clear and convincing evidence that the qualifying offense involved multiple victims or multiple violations of the qualifying offense; (C) *has been convicted* or has been found not guilty by reason of mental illness, mental retardation, or addiction *of a sexually violent offense*; (D) *has been determined pursuant to § 15-12-2a of this code to be a sexually violent predator*; or (E) *has been convicted* or has been found not guilty by reason of mental illness, mental retardation, or addiction *of a qualifying offense as referred to in this article, involving a minor or a person believed or perceived by the registrant to be a minor*.

(Emphasis added).

Finally, the majority seemingly overlooks the fact that the petitioner's conviction in this case was based on a plea agreement. In 1998, the petitioner, the State, and the circuit court all agreed to allow the petitioner to plead to a crime that would not subject him to registration as a sex offender because it would prevent him from seeing his children. Everyone involved at the time the plea was entered believed that pleading guilty to the crime of attempt to commit an assault during the commission of a felony achieved the desired goal – a conviction not subject to sex offender registration. The Legislature thwarted this when it enacted an amended version of the Act in 2000 and made the provisions applicable both "retrospectively and prospectively," *see* West Virginia Code § 15-12-2.

All the petitioner seeks by way of relief in coram nobis is that the duration of his period of registration be limited to ten years and not life. For the reasons set forth above, I believe that the petitioner is entitled to the requested relief under the Act, and I further believe that to deny the petitioner the requested relief is to deny the petitioner fundamental fairness. *See State v. Myers*, 204 W. Va. 449, 458, 513 S.E.2d 676, 686 (1998) ("A plea agreement presupposes fundamental fairness in the process of securing such an agreement between a defendant and the State. *See State v. Schaff*, 958 P.2d 682 (Mont.1998). Plea agreements are a form of contracts, their unique nature requires ordinary contract principles to be supplemented with a concern that the bargaining and execution process does not violate the defendant's right to fundamental fairness under the

due process clause. *See United States v. Schilling*, 142 F.3d 388 (7th Cir.1998). Plea bargaining is to be conducted fairly on both sides, with the results not frustrating the reasonable expectations of either the defendant or the State. *See McClellan v. State*, 967 S.W.2d 706 (Mo.App.1998).).”

The majority opinion acknowledges that the petitioner was not convicted of a qualifying offense. Moreover, this Court found (albeit implicitly) that the petitioner was not convicted of a qualifying offense when it remanded the petitioner's case to the circuit court to make findings in regard to whether his 1998 conviction was sexually motivated. In 2006, pursuant to remand, the circuit court made a finding of sexual motivation as set forth in the Act. *See* W. Va. Code § 15-12-2(c). This Court then refused the petitioner's appeal of that order finding his offense was sexually motivated. We have held that "[t]he general rule is that when a question has been definitively determined by this Court its decision is conclusive on parties, privies and courts, including this Court, upon a second appeal and it is regarded as the law of the case." Syl. Pt. 1, *Mullins v. Green*, 145 W. Va. 469, 115 S.E.2d 320 (1960). Simple application of the established law to the facts in this case leads inescapably to the conclusion that the petitioner must register as a sex offender for a period of ten years. With all due respect, the result mandated by the majority is contrary to the law.

For the foregoing reasons, I respectfully dissent.